## Wytheville.

## HALL v. THE COMMONWEALTH.

### JUNE 18TH, 1885.

1. CRIMINAL PROCEEDINGS—*Jurors—Impaneling.*—The statutory provisions under sections 3 and 4, chapter 17 of Acts of Assembly 1877–78, are imperative and essential. The accused is entitled to demand strict compliance with them. Omission of such compliance is error.

2. IDEM—*Jurors—Mode of selection—Venire facias.*—In a case where death may be the punishment, the writ shall require to be summoned twenty-four persons of the county or corporation, to be taken from a list to be furnished by the judge, residing remote from the place where the offence is charged to have been committed, and qualified in other respects to serve as jurors. From these shall be selected a panel of sixteen, free from exception, and from this panel the accused may strike four, and the remaining twelve shall constitute the jury. Acts 1877–78, page 340, section 4.

3. IDEM—*Second venire facias.*—In any felony case, where from those summoned and in attendance, a sufficient number of jurors cannot be had, a new *venire facias* must be directed, requiring to be summoned from the bystanders, or from a list to be furnished by the court, as many persons as may be deemed necessary. Id. section 4.

4. IDEM—*Omission of essentials—Error—Waiver—Motion in arrest of judgment.*—Omission to direct new *venire facias* or omission of any statutory essential apparent on the record, is error, and may be taken advantage of after verdict by motion in arrest of judgment, failure of accused to make the objection before jury sworn being no waiver.

Error to judgment of circuit court of Montgomery county, rendered 30th May, 1884, on an indictment against S. D. Hall, for the murder of Charles A. Bowyer, on 25th September,

1872; by which judgment, the jury by their verdict having found said Hall guilty of murder in the first degree, as charged in the indictment, the said court sentenced the said Hall to be hanged by the neck until dead.

Said Hall was indicted in the county court, but upon his arraignment, he elected to be tried in the circuit court of said county, and was there tried with the result aforesaid.

It appears from the record that "twenty-four jurors having been summoned in the manner prescribed by law, the prisoner by his counsel asked that the selection of the panel of sixteen from the number summoned be by lot; but the court directed that a panel of twenty-four, free from exceptions, should first be obtained, and that from such panel sixteen should be chosen by lot. Thereupon it was ascertained that seventeen of the twenty-four summoned under the *venire facias* were free from exception. By direction of the court, the sheriff then summoned additional jurors from the bystanders, until seven other persons were found free from exception; and thereupon, from the twenty-four persons so found sixteen were selected by lot. From the list thus selected, the prisoner struck off the names of four persons, and the remaining twelve were sworn as the jury in the case." After the verdict was rendered, the prisoner moved for a new trial, on the ground that "the venire and the jury which tried him was neither selected, summoned nor impaneled in the manner required by law," which motion the court overruled. And thereupon, on the same ground, he moved in arrest of judgment, which motion was also overruled by the court, and sentence pronounced as aforesaid. To this judgment a writ of error was awarded by one of the judges of this court.

*James A. Walker* and *A. A. Phlegar*, for the prisoner.

I. The jury was not called, chosen, sworn and impaneled according to law, and the record shows this. Code 1873, chap.

Argument.

158, § 24, p. 1063; Acts 77–8, chap. 17, § 1, p. 339, §§ 3, 4, 8, 11; *Sands' case,* 21 Gratt. 871, 881.

II. A prisoner who is not tried according to all the formalities of law, is not tried by "*due process of law.*" *Boggs* v. *The State,* 6 Am. Reports, 689–90; *Hopt* v. *Utah,* 110 U. S. 578–9; 19 Gratt. 656.

III. All steps *necessary* to be taken in a criminal case must appear affirmatively on the record. *Gregg* v. *The People,* 1 Am. Crim. Report, 602; *Aylesworth* v. *The People,* 1 Id. 604; *Davis* v. *The State,* 1 Id. 606; *Stubbs* v. *The State,* 1 Id. 611; *Hopt* v. *Utah,* 110 U. S. 579.

IV. The errors appearing on the face of the record will be corrected on a writ of error, and no bill of exceptions was necessary. No bill of exceptions lies in any criminal case at common law, or in Virginia, except by statute. *Freeman* v. *The People,* 47 Am. Decisions, 220; *Mitchell* v. *The State,* 25 Id. 442; *Ewell* v. *The State,* 27 Id. 485; Acts 77–8, p. 345, ch. 18, § 1.

V. A writ of *venire facias* is necessary to authorize a sheriff to summon a jury in a criminal case. An omission to issue the writ is a fatal error, apparent on the face of the record. *The People* v. *McCay,* 18 Johnson, 215–16–17.

A court cannot discharge a juror of its own motion. 6 Am. Rep. 689; 2 Id. 423.

The venire of twenty-four men, summoned from the list furnished by the judge of the county court, composed the panel from which the jury was to be selected, and the court had no right to add to, alter or change that panel, except for cause.

The record shows on its face the following errors:

1st. It was error to place the seventeenth man of the twenty-four on the panel. Sixteen of the original twenty-four having been found free from exceptions, the prisoner had the right to strike four from that number and be tried by the remaining twelve.

2nd. It was error to summon seven additional jurors from

the bystanders after the original panel had furnished seventeen qualified jurors free from exception.

3rd. It was error to direct the sheriff to summon additional jurors from the bystanders without a writ of *venire facias* and without a list furnished by the court.

4th. It was error to select sixteen of the completed panel of twenty-four by lot, there being no law authorizing such a proceeding. By this proceeding the court, without the consent of the accused, caused three of the original sixteen jurors, viz: Warren A. Puckett, Lafayette McCauley and Christian Olinger, to stand aside, and substituted three others without the consent of the prisoner, viz: C. E. Lowder, Oscar M. Nelson and James Walters. *State* v. *Brown*, 2 Am. Crim. Rep. 423.

*Attorney-General, F. S. Blair*, for the commonwealth.

The prisoner does not say he was not fairly dealt with, or that he suffered any injury from the mere manner in which the jury was formed. The objection, if good, was made too late. No exception was taken at the opening of the case, but it was reserved for the motion to set aside the verdict.

The objection, if good, ought to have been made before the jury was sworn. *Bristoe's Case*, 15 Gratt.; *United States* v. *Gale*, U. S. Reports, 109, p. 65. The statute provides, that where the penalty may be death, the writ shall require the officer to summons twenty-four persons, in manner as provided in 33d section. Ch. 17, sec. 4, Acts 1877–78, read in connection with sections 3 and 4, sec. 8 of same chapter, which provides that where the penalty may be death, there shall be selected from the persons summoned—(not from the original *venire facias*)—from those *summoned*, either by the new *venire facias* or from the bystanders, so as to get the twenty-four as required by sec. 4. The plain and manifest purpose of the statute is to have twenty-four persons free from exception where the penalty may be death, and sixteen where it may not. Suppose from those originally sum-

moned only ten be found free from exception, what must the court do? Must it summon six others and stop, or must it not summon, as provided, until twenty-four be gotten free from exception, and from the twenty-four select the sixteen? Why does the law require twenty-four to be summoned, if that number are not to be found free from exception, so as to select the sixteen from them? *Epe's Case*, 5 Gratt. p. 696, where this language is used: "In making up the panel of twenty-four," etc. Thus you will see the panel is incomplete until twenty-four are gotten, which fact is shown more plainly by the reasoning of the court in *Dowdy* v. *Commonwealth*, 9 Gratt.; see particularly pp. 735 and 736. The plaintiff in error will contend that from the number so summoned a sufficient number to try the case was all that was to be required. Twelve is a sufficient number to actually try. If the law did not intend to distinguish between cases where punishment might be death, why in one case is sixteen required, and twenty-four in the other, and in both is the peremptory right to strike off four? The court in this case only selected from those summoned a panel of sixteen. As said before, the eighth section does not say, shall be selected from those summoned by the original *renire facias*, but says, "there shall be selected from the persons summoned a panel of sixteen persons, free," etc.

Who are the persons summoned? Sec. 4.—When punishment may be death, twenty-four, if a sufficient number for the trial cannot be had, etc., etc., the court may direct another *renire facias*, and cause to be summoned from bystanders, etc. So the eighth section refers as much to the second *renire facias*, and to those from the bystanders, as the first *renire facias*. Suppose the original twenty-four had all been found free from exception, would the court have been compelled to stop when it secured sixteen, or would it not have been fairer to the prisoner to have taken the entire twenty-four, selected by lot sixteen, and then strike off the four? See *Sands* v. *Commonwealth*, 21 Gratt. p. 871, and especially pages 880–1. Then the law re-

quired, where the punishment might be death, more than twenty-four, and the *venire facias* only summoned twenty-four. On the latter part of page 881 the court says, that "though there was error, (and the objection was made before the jury was sworn) * * * * * it would have been cured by the subsequent proceedings." The selection and impaneling a jury is merely *directory.* See *Wash* v. *Commonwealth*, 16 Gratt. page 530; and unless they can show that injustice resulted from the irregularity, it is no ground for reversal.

It will be seen from page 8 of record, that if the court erred at all, it was in mercy and in favor of prisoner, because it required that a *venire* of *twenty-four men, free from exception,* should be first obtained, while prisoner merely wanted a panel of twenty-four men, regardless of such consideration, from whom *sixteen* free from exception could be chosen by lot.

LEWIS, P., delivered the opinion of the court.

The statute relating to the summoning and selecting of jurors in cases of felony, as it stood in the Code of 1860, chapter 208, has been amended, and the law, as it now is, provides as follows: "3. The writ of *venire facias*, in a case of felony, other than where the punishment may be death, shall command the officer to whom it is directed to summon sixteen persons of his county or corporation to be taken from a list to be furnished him by the judge of his county or corporation, residing remote from the place where the offence is charged to have been committed, and qualified in other respects to serve as jurors, to attend the court wherein the accused is to be tried, on the first day of the next term thereof, or at such other time as the court or judge may direct. * * * 4. In a case where the punishment may be death, the writ of *venire facias* shall require the officer to summon twenty-four persons, in the manner provided in section three of this chapter; and in any case of felony, where a sufficient number of jurors for the trial of the case can-

not be had from those summoned and in attendance, the court may direct another *venire facias*, and cause to be summoned from the bystanders, or from a list to be furnished by the court, so many persons as may be deemed necessary to complete the jury. * * * * 8. In all cases of felony, where the punishment cannot be death, the jury shall consist of twelve, summoned as aforesaid, and free from exception. From the panel summoned, the accused shall have the peremptory right to strike off four persons. In all cases where the punishment may be death, there shall be selected from the persons summoned a panel of sixteen persons, free from exception, and from this panel the accused may strike four, and the remaining twelve shall constitute the jury; or if the accused does not strike them off, twelve of the panel shall be selected by lot, who shall constitute the jury." Acts 1877–78, p. 340, *et seq.*

These provisions of the statute, in respect to empaneling juries, are not directory merely, but imperative. They are rules which are made essential in proceedings involving life or liberty, and it is the right of the accused to demand that they be strictly complied with. To disregard them is to deprive the accused of that " due process of law" which is provided by the legislature, and which is required by the fundamental law of the land.

In the present case the record shows they have not been complied with, and the judgment of the circuit court is therefore erroneous. Of the twenty-four persons originally summoned, sixteen having been found free from exception, the jury for the trial of the accused ought to have been selected from the panel of sixteen who were thus found to be qualified. And the selection should have been made by the accused striking four from the panel, leaving the remaining twelve to constitute the jury; or, if the accused chose not to do so, then twelve of the sixteen should have been chosen by lot. This the statute requires, and if one of the formalities which it prescribes may be disregarded, all may be set at naught. Moreover, it was error to cause bystanders to be summoned without directing another

*venire.* At common law a *venire* is indispensable to authorize the sheriff to summon a jury; and the statute, as we have seen, provides, that where a sufficient number of qualified jurors cannot be had from the twenty-four persons originally summoned and in attendance, the court may direct another *venire* to summon as many persons as may be deemed necessary to complete the jury, either from the bystanders or from a list to be furnished by the court. But in any event a *venire* is indispensable; and in a felony case, and especially in one affecting the life of the accused, the court is not authorized to dispense with a process required by the common law and also by the statute. And the omission to direct a *venire*, when required, is an error apparent on the record, of which advantage may be taken on motion in arrest of judgment. Whart. Crim. Pl. & Pr. (8th ed.), sec. 759; *The People* v. *M'Kay*, 18 Johns. 212. The accused cannot, therefore, be considered as having waived the right to raise the objections now urged, because of his failure to do so before the jury were sworn. On the contrary, he must be considered as standing on his legal rights throughout, and as waiving nothing. For it is not he alone who is concerned. The public has an interest in his life and liberty, and neither can be taken except in the mode prescribed by law. We are of opinion that the judgment ought to have been arrested, and must therefore be reversed.

JUDGMENT REVERSED.