**Richmond.**

VAWTER v. COMMONWEALTH.

December 11th, 1890.

1. CRIMINAL PROCEEDINGS—*Venire facias.* — Irregularities in any writ of *venire facias* whereby the defendant is not injured, are not grounds for arresting the judgment, where no objection was made before jury sworn.

2. IDEM—*Completion of panel.*—But ordering persons to be summoned without a writ of *venire facias,* is good ground for motion in arrest of judgment, though the objection was not made before jury sworn.

3. APPELLATE PRACTICE—*No certificate.*—This court cannot review a refusal of the court below to give an instruction when the evidence or the facts are not certified.

Error to judgment of corporation court of Lynchburg, rendered October 7, 1890, sentencing the prisoner, in accordance with the verdict of the jury, to confinement in the penitentiary for one year, in a prosecution for an alleged malicious assault with intent to maim, disfigure, disable and kill. Opinion states the case.

*Th. N. Williams,* for the plaintiff in error.

*The Attorney-General,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

There are two assignments of error upon which the case has been submitted. The first relates to the overruling of the

motion in arrest of judgment. The bill of exceptions states that on the 2nd day of October, 1890, prior to the term at which the prisoner was tried, a writ of *venire facias* was issued in due form for the trial, and that the judge of the court gave the sergeant, to whom the writ was directed, a list of *twenty-nine* persons, which list was endorsed as follows: "Summon as *venire* for trial of felonies to Monday, October 6th, 1890;" that when the case was called for trial, it was found that of the persons whose names were upon the said list, a sufficient number of jurors to constitute a panel of sixteen, free from exception, could not be had, whereupon the court, *without directing another venire,* ordered the sergeant to complete the panel by summoning six persons, whose names were upon a list made by the sergeant and adopted by the court, who were accordingly summoned, but without a writ of *venire facias* issued by the clerk. No objection, however, on this ground, appears to have been made before the swearing of the jury.

Section 4018 of the Code enacts as follows: "The writ of *venire facias* in case of felony, shall command the officer to whom it is directed, to summon twenty persons of his county or corporation, to be taken from a list to be furnished him by the court of such county or corporation, or the judge thereof residing remote from the place where the offence is charged to have been committed, and qualified in other respects to serve as jurors, to attend the court wherein the accused is to be tried on the first day of the next term thereof, or at such other time as the court or judge may direct." * * * And by the following section it is provided that "where a sufficient number of jurors to constitute a panel of sixteen, free from exception, cannot be had from those summoned and in attendance, the court may direct another *venire facias,* and cause to be summoned from the bystanders, or from a list to be furnished by the court, so many persons as may be deemed necessary to complete the said panel."

It will thus be seen that the action of the judge, in originally furnishing a list containing the names of, not twenty only, but twenty-nine persons, was irregular. The list was also irregular in that it purported to be "for trial of felonies" generally; for although the statute provides that if more than two cases are to be tried at one term, only two juries shall be summoned, unless the court or judge otherwise direct, yet there must be a separate *venire facias,* and a separate list of twenty names for each jury summoned. Code, sec. 4018. But as no objection on that ground was made until after verdict, the objection came too late, it not appearing that the prisoner was injured by the irregularity. By section 3156 of the Code, it is provided that "no irregularity in any writ of *venire facias* or in the drawing, summoning, returning or impaneling of jurors, shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the swearing of the jury."

The statute embodied in this section was originally intended to apply to civil cases only. But by a recent act of the legislature it is made to apply to jurors and juries in all cases, criminal as well as civil. Acts, 1887–88, p. 18. It had been previously extended to jurors in case of misdemeanor. Code, sec. 40, 48.

The objection, however, to the action of the court in ordering an additional number of persons to be summoned to complete the panel, without directing another *venire facias,* is well taken. This court has repeatedly decided that a *venire* is an indispensable process, both at common law and under the statute, to authorize an officer to summon a jury in a felony case, and that the courts have no power to dispense with it, although, as was said by Spencer, C. J., in *People* v. *M'Kay,* 18 Johns, 212, they may not be able to perceive much use in continuing it. The objection, therefore, was in time, although made for the first time on motion in arrest of judgment; for as was held in *Jones' Case, ante p.,* the act of the legislature, above

mentioned, was intended to cure any irregularity in the writ of *venire facias*, not to the prejudice of the accused, if not objected to before the swearing of the jury, but not to apply to a felony case in which there was a failure to issue a *venire* when, and as often as a *venire* is required; so. that, in this *particular,* *Hall's Case*, 80 Va., 555, is not affected by that act.

The second and last assignment of error relates to the refusal of the trial court to give to the jury the following instruction offered by the prisoner: "The court instructs the jury that the intent to disable, charged in the indictment, must be understood as of a permanent disability, and not merely one which may be temporary."

As an abstract proposition this instruction is right. 1 Russ. Crimes, 598. But as there is no certificate either of the facts or of the evidence, we are not able to perceive from the record whether or not the instruction was relevant to the case before the jury; and if it was not relevant, then there was no error in refusing to give it. *Shen. Valley R. R. Co.* v. *Moose*, 83 Va., 827.

For the reasons, however, already stated, the judgment must be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.