# LEWIS

*v.*

## COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, March 19; 1891.*)

[12 S. E. Rep. 1050.]

Criminal Law—Venire Facias—Omission of in Record.

Code Va. § 3156, provides that in civil cases no irregularity in any writ of *venire facias* shall be sufficient to set aside a verdict unless the party making the objection was injured thereby, or unless the objection was made before the swearing of the jury. By Act Jan. 18, 1888, this provision is made to apply to felony cases: *held*, that this does not apply where the record fails to show any *venire* in a felony case, and the omission of the writ is a fatal error.

*A. H. Dickinson* and *T. N. Welsh*, for plaintiff in error.

*R. Taylor Scott, Atty. Gen.*, for the Commonwealth.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Spottsylvania county, rendered on the 27th day of January, 1891, refusing a writ of error to a judgment of the county court of said county, rendered at the December term, 1890, by which the plaintiff in error, John Lewis, was convicted of the crime of seduction, and sentenced to the penitentiary for two years. The case is as follows : At the September term of the said county court of Spottsylvania county the said John Lewis, the plaintiff in error, was indicted by a regular grand jury, composed of 12 persons, for this: That he did, on the 10th day of July, 1889, in the said county, unlawfully and feloniously, under promise of marriage,

1 Va Dec—47

seduce and have illicit intercourse with one Ida May Dunnaway, an unmarried female, and of previous chaste character, and afterwards failed and refused to marry her. The said John Lewis was arrested upon a bench-warrant, and carried before C. J. Bolander, a justice of the peace for the said county, on the 1st day of September, 1890. On the 15th of September, 1890, the case was called before another justice of the peace, named P. B. Pritchett, and by him continued to the 17th of that month, at the place named by the first justice, Spottsylvania Courthouse, to be further heard at a place called "Buchanan's Store." On the 17th of September the case was again brought before Justice Bolander, who, by virtue of authority granted by section 3972 of the Code of Virginia, associated with him three other justices of the said county, namely, S. C. Paytes, W. L. Waite, and P. B. Pritchett, and, the case being examined before the said four justices, the three justices last named were of opinion to discharge the accused, but the said C. J. Bolander, the justice before whom the accused was first brought, being of a different opinion, he sent the case on to the county court of the said county for trial, where, the case coming on to be heard, the accused moved the county court to discharge him, because three out of the four justices before whom he was examined dissented from the action of the one who had sent him on for trial ; but this motion the county court overruled, and the case was continued. The case coming on for trial at the December term of the said court, the accused demurred to the indictment, and moved to quash the same, which motion the court overruled, and the defendant pleaded not guilty, and a jury was summoned by the sheriff from a list furnished by the judge, and the trial proceeded; but the record does not disclose the list of 20 persons furnished by the judge of the said court, nor that there was any *venire facias* issued in the case. The jury found the accused guilty, and fixed the term of his imprisonment in the penitentiary at two

years.  The court having at the trial given certain instructions to the jury, and refused others offered by the accused, the accused moved the court to set aside the verdict, and grant him a new trial, and in arrest of judgment, because the same is not according to the law and the evidence.   The court granted a temporary suspension of judgment for some days, from day to day, and the accused offered· marriage to the said Ida May Dunnaway, which proposal of marriage the said prosecutrix rejected, and said that she would not marry Lewis ; that she wanted her revenge, and now had it.   And the accused offered to the court, to support his motion in arrest of judgment, the affidavits of several witnesses, among them that of A. B. Rawlings, the attorney for the commonwealth, that he (the accused) had offered to condone the offense by offering marriage, but that the prosecutrix declined to marry him, saying ''that she is not aggrieved in the manner and form as the law defines such an offense as charged in the indictment, but was only trying to work, through the courts, a personal ill-feeling she had against the defendant.''   But the court overruled the motion in arrest of judgment, and refused to set aside the verdict of the jury, and entered judgment upon the same, and sentenced the accused accordingly ; whereupon the accused applied to the Hon. W. S. Barton for a writ of error to the said judgment, which was refused on the 27th day of January, 1891, when the accused applied to this court for a writ of error, which was granted.

The first assignment of error is that the accused had been convicted without due process of law, the grand jury having consisted of 12 persons, being a regular grand jury, whereas section 3977 of the Code of Virginia provides that :   ''A regular grand jury shall consist of not less than sixteen nor more than twenty-four persons, and a special grand jury of not less than six nor more than nine persons.''   But there is no error in this action of the court, section 3977 of the Code

of Virginia having been amended by the act approved February 25, 1890, and the said section, as amended, provides that "a regular grand jury shall consist of not less than nine nor more than twelve persons," etc. Acts 1889–90, p. 91. There was no error in the action of the county court in overruling the demurrer to the indictment. The indictment correctly sets forth the offense charged, and is good in all respects. But there was no *venire facias* in the case, unless we can consider the recital that the jury was summoned by the sheriff from a list furnished by the judge; and this error, appearing by the record, is fatal to this case. In the late case of Jones v. Com., *ante*, 226, this question was decided in this court. The case is conclusive of this case, and, having been so recently decided here, it is not necessary to again discuss the question. See that case and the cited case of Hall v. Com., 80 Va. 555, and cases cited. The *venire facias* must appear affirmatively by the record to have been issued. The provision of section 3156 of the Code as to civil cases provides that no irregularity in any writ of *venire facias*, etc., shall be sufficient to set aside a verdict, unless the party making the objection was injured thereby, or unless the objection was made before the swearing of the jury; and this provision is made to apply to felony cases by act of January 18, 1888. Acts 1887–88, p. 18. It was said as to this in Jones v. Com., *supra*, that this was intended to cure any irregularity in the *venire facias*, but not to apply to a felony case in which there is no *venire* at all. And the *venire* is held to be part of the due process of law which the legislature has provided, etc. The omission to issue a *venire facias* was held to be a fatal defect in that case, and it is so in this case, and the judgment complained of must, for that cause, be reversed, and the case remanded to the county court for a new trial to be had therein. It is not necessary to consider any other question raised here, and the case will be reversed and remanded for this error alone. Judgment reversed.