## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### DRIER v. COMMONWEALTH.

January 12th, 1893.

1. CRIMINAL PROCEEDINGS—*Code, § 4016, construed.*—This section, providing that a defendant, upon arraignment in the county court for a felony, may demand to be tried in the circuit court, does not warrant the inference that it is the duty of the court or clerk to inform him of his right to be tried in the latter court.

2. IDEM—*Venire facias—Code, § 4018, construed.*—This section, providing that the writ of *venire facias* in case of felony shall command the officer to summon twenty persons, " to be taken from a list to be furnished by the court "—

HELD:

Not to make it improper for the number of persons to be contained in such list to exceed twenty.

3. IDEM—*Sand's Case,* 21 Gratt. 871; *Mitchell's Case,* 33 Gratt. 845, followed; *Vawter's Case,* 87 Va. 245, distinguished.

Error to judgment of circuit court of Northampton county, rendered April 23d, 1892, affirming judgment of county court of that county, sentencing the plaintiff in error, George Drier, to be hanged for the murder of Fannie McFadden. Opinion states the case.

*J. W. G. Blackstone,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

LEWIS, P., delivered the opinion of the court.

The first assignment of error—viz., that the prisoner, upon his arraignment in the county court, ought to have been

informed, either by the court or the clerk, of his right to be tried in the circuit court—is clearly without merit. The statute, now carried into section 4016 of the Code, simply provides that a person to be tried for a capital felony may, upon his arraignment in a county court, demand to be tried in the circuit court. It does not say that he shall be advised of his rights in the premises, nor does it superadd any new cere- mony to the arraignment.

At common law the arraignment consists of three parts— viz. : (1) Calling the prisoner to the bar by name ; (2) reading the indictment to him, and (3) asking him whether he be guilty or not of the offense charged. 2 Hale, 219 ; 4 Bl. Comm. 323.

Formerly, in England, when, according to the strict and severe rule of the common law, a prisoner on trial for treason or felony was denied the right to defend by counsel, it was the duty of the judge to see that all the proceedings were regular ; to examine witnesses for the defendant, and to advise him for his benefit. But, in prosecutions in which the prisoner was allowed counsel, it was the duty of the latter to see that he lost no advantage, and then it was only the duty of the judge to be equal and indifferent between the king and the prisoner. 1 Chitt. Crim. Law, 407. And it makes no difference whether the counsel are employed by the prisoner or, as in the present case, assigned by the court.

The subject of the next and principal objection is the over- ruling by the trial court of the motion to quash the writ of *venire facias* and the return thereon. The motion was made before the swearing of the jury, and it is contended that it ought to have been granted, because the list furnished the sheriff by the judge, from which to summon the jury, contained the names of not twenty only, but twenty-one persons. The argument is that the statute requires that the judge's list, in the first instance, shall contain twenty names, and *no more*,

and that this requirement is imperative. But, upon conside-ration, we are of opinion that this position is untenable. Such is not the language or the meaning of the statute.

Prior to the act of March 29, 1871, the writ required the officer, in a felony case, to summon twenty-four persons, who were selected by himself. But by that act an important change in the law was effected, and it was provided that the persons summoned should be taken from a list furnished by the judge. Acts 1870–'71, p. 357.

This statute was construed in *Sand's Case*, 21 Gratt. 871. In that case there was a motion to quash the writ and the return, on the ground that the list furnished by the judge contained the names of only twenty-four persons, it being insisted that it ought to have contained more than that number, so that the officer might have made a selection from the persons named in the list. But this court held that, while it would be better for the list to contain more than twenty-four names, and that the act no doubt contemplated it gen-erally would contain more, yet that a list containing only that number did not invalidate the execution of the writ; and this ruling was reaffirmed in *Albert Mitchell's Case*, 33 Gratt. 845. In the last-mentioned case it was said :

"It was not necessary that the list from which the *venire* was directed to be summoned should have contained the names of more than twenty-four persons, although it *might* have contained more."

The present statute (Code, sec. 4018) differs, so far as the present case is concerned, from the act construed in those cases only in the number of persons required to be summoned, the number now being twenty, instead of twenty-four ; so that, if it was proper for the list to contain more than twenty-four names under that act, it is equally proper now, under the Code, for it to contain more than twenty.

It is true the language in *Vawter's Case*, 87 Va. 245, war-

rants the inference that, in the opinion of the court, it was irregular for the list to contain more than the latter number. But this language was used unguardedly; and, besides, it was not necessary to the decision of the case, inasmuch as the objection, as the court said, was not made before the swearing of the jury. The attention of the court, moreover, was not called to the cases above mentioned, which settled the question, and to which we adhere. The great and decisive point in the case was as to the omission of a *venire* to summon an additional number of persons to complete the panel, and this was held to be error apparent on the record, for which alone the judgment was reversed, in conformity with *Hall's Case*, 80 Va. 555.

And as this disposes of all the questions arising in the case, it follows that the judgment must be affirmed.

JUDGMENT AFFIRMED.