# Richmond.

## ANTHONY V. COMMONWEALTH.

### March 10th, 1892.*

1. CRIMINAL PROCEEDINGS—*Indictment—Misjoinder of counts.*—Where indictment charges joint defendants with conspiring to commit a larceny, and then charges them with actually committing the larceny in pursuance of the conspiracy;

HELD:

    No misjoinder.

2. IDEM—*False pretences — Larceny.*—Obtaining goods by false pretences with intent to defraud is larceny, and it is not a misjoinder to include a count therefor with other larceny counts in the indictment.

3. APPELLATE PRACTICE *—Review of trial courts' rulings—No certificate.*—Where the record contains no certificate of the evidence, or of the facts proved, this court cannot review the rulings of the trial court as to the admission or the rejection of evidence, or the giving or the refusal of instructions. *Vawter's Case,* 87 Va. 245.

Error to judgment of circuit court of Shenandoah county, rendered April 2d, 1891, refusing a writ of error to a judgment of county court of said county, rendered February 15th, 1891, whereby the plaintiff in error, James Anthony, was sentenced to the penitentiary for the term of two years, in accordance with the verdict of the jury at the trial of a joint indictment against him and two others for larceny. Opinion states the case.

*James H. Williams, Holmes Conrad* and *W. R. Alexander,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for commonwealth.

*Rehearing denied March 31st, 1892.

LACY, J., delivered the opinion of the court.

The plaintiff in error was indicted in the county court of
Shenandoah county for larceny jointly with two other persons.
The indictment was as follows: The first count charged " that
John Myers, James Anthony, and William Weed *alias* Henry
Johnson, on the 8th day of November, 1890, in the said county,
divers notes of the national currency of the United States, of
unknown denominations and numbers, but in the whole amount-
ing to $390, and of the value of $390, the property of one Philip
Kibler, feloniously did steal, take and carry away, against the
peace and dignity of the commonwealth of Virginia." The
second count, like the first, is a count for the larceny of the
same goods against the same parties, wherein is set forth, with
more detail, how they did jointly steal, take, and carry away
the said notes; and it is set forth that then the same parties,
on the same day, in the said county, " wickedly, unjustly, and
feloniously devising and intending one Philip Kibler to defraud
of his money, did then and there fraudulently and feloniously
conspire, combine, confederate, and agree together among
themselves to feloniously take, steal, and carry away the
money," &c., and that, in pursuance thereof, and according to
the said conspiracy, combination, confederacy, &c., did steal,
&c., setting forth the same larceny of the same goods as in the
first count and in the same way.

The third count is like the second, except that it is a count
for obtaining the same goods by false pretences. The accused
parties named in the said indictment moved to quash the said
indictment, and demurred thereto, and these motions being
overruled, they severally pleaded " not guilty," and elected to
sever on the trial, and the plaintiff in error was tried first, and
convicted and sentenced to two years in the penitentiary. The
defendant having excepted to various rulings of the county
court, applied to the circuit court of said county for a writ of
error to the said judgment against him, which, being refused,

as already stated, he applied for a writ of error to this court, which was granted by one of the judges.

The first question raised here by counsel for the plaintiff in error is the refusal of the court to quash the indictment. It is stated in the transcript by the clerk, that the defendant excepted to this action of the court, but no bill of exceptions is filed in the record. The ground for the motion to quash and the demurrer is stated to be that " it charges three distinct offences, and that one of the counts did not charge any offence."

The indictment does not charge three distinct offences. The first count is a count for larceny jointly against three persons, and the second is a count for larceny against the same parties, committed jointly, in accordance with a previous agreement to that end. There is a good deal by way of inducement describing this agreement to steal, and the theft is charged distinctly to have been made in pursuance thereof. This is a count for the same larceny, somewhat differently stated.

The third count is a count for obtaining goods by false pretences, fashioned after the manner of the second count. Obtaining money or other property by false pretences with intent to defraud is made larceny by our statute, if the property so obtained may be the subject of larceny, and is punished in the same way. So there was no misjoinder of counts, and the indictment and each count thereof is good.

When the whole of the second count is considered together, it is not an indictment for a conspiracy which is misjoined with one for larceny, as is contended, but there is no indictment for a conspiracy. If the count had alleged no other offence than the combination and the intent, then a conspiracy would have been the charge. In conspiracy the combining is the act, and the evil intent being properly alleged to show that the combining to accomplish it is indictable, it is not necessary to charge the completion of the act, which is the object of the conspiracy. The conspiracy—the confederation—is the gist of the

action. But although the conspiracy is a complete offence by itself before it is carried into effect, yet if the act conspired to be done be a felony, and it is carried into effect, and the felony is committed, the conspiracy is merged in the felony, and the indictment should be for the felony, and not for the conspiracy. *Commonwealth* v. *Kingsbury*, 5 Mass. Rep. 106; *The People* v. *Mathew*, 4 Wend. 265; *Lambert* v. *The People*, 9 Cow. 578; 3 Rob. (Old) Practice, 80.

" It is common practice, and not contrary to rule anywhere," says Mr. Bishop (Bish. Cr. Pro., 1, § 449), " to join counts, all of which are for felony in one indictment." But in England and in most of our states this right is limited by the rule of judicial discretion, that on the trial the evidence of the prosecution will be confined to one transaction, the differing counts being only allowed for the purpose of describing it in different ways. And while the counts are kept within this bound technically, they may charge two or more distinct felonies.

If the pleader is uncertain whether the transaction will appear in the proofs to be embezzlement or larceny, and both are felonies, he may have a count or counts for each. Also as to embezzlement and false pretences, burglary and larceny, larceny and receiving stolen goods. Here we have counts for larceny and false pretences.

In *Smith* v. *Commonwealth*, 21 Gratt. 809, opinion of Judge Christian, the reason for the rule is clearly explained, he says : " A grand jury may well be satisfied that the homicide has been committed, and yet the evidence before them may leave it somewhat doubtful as to the mode of death; but in order to meet the evidence as it may finally appear, they are very properly allowed to set out the mode in different counts; and then if any one of them is proved, supposing it also to be legally framed, it is sufficient to support the indictment." Bish. Cr. Pro., 1, §§ 422, 423, 424, 425, 426, and 427; *Anable* v. *Commonwealth*, 24 Gratt. 563; *Dowdy* v. *Commonwealth*, 9 Gratt. 727, where Judge Moncure said : " I know of

no case in which the several counts of an indictment were all for the same offence, and were, in themselves, good counts, where the indictment has been quashed, or the prosecution compelled to elect on which of them he would proceed." And also : " It is every-day practice to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out upon the trial. Each of the counts purport to be for a distinct and separate offence, and the jury very frequently find a general verdict on all the counts, although only one offence is proved." The first bill of exceptions is as to the charge to the jury ; but the record shows that to have been in the very language of the statute as to the subject. Section 3823 was not applicable to the charge in this indictment, which is not one for cheating at cards, whatever the evidence may have been as to that, a matter which we cannot consider, as no evidence and no facts appear certified in the record.

Bill of exceptions No. 2 relates to the relevancy of a question, as also bill of exceptions No. 3, and also No. 4. No. 5 is to the exhibition before the jury of certain articles found in the possession of the prisoner and admitted by him to be his property. No. 6 relates to the relevancy of a question propounded to a witness. No. 7 is to the same effect, and No. 8 to the relevancy of certain arguments made by the prosecuting attorney on the facts. No. 9, No. 10 and No. 11 relate to instructions given and refused. No. 13 relates to the motion to set aside the verdict and grant a new trial to the prisoner, because contrary to the law and the evidence, misdirection by the court, and for errors alleged to be apparent upon the face of the record; and No. 12 was for a supposed informal instruction by the court to the jury, which the record does not show, but negatives.

In the consideration of these exceptions we are stopped upon the threshold of our inquiries by the reflection that there is no evidence certified and no facts, and that we cannot consider them except by groping in the dark. We cannot look at

them in the light of the facts or evidence certified, and we cannot determine their relevancy or irrelevancy.

In a late case this court said: " As an abstract proposition this instruction is right; but as there is no certificate, either of the facts or of the evidence, we are not able to perceive from the record whether or not the instruction was relevant to the case before the jury; and if it was not relevant, then there was no error in refusing to give it." *Vawter* v. *The Commonwealth,* 87 Va. 248, citing *Shen. Val. R. R. Co.* v. *Moore,* 83 Va. 827.

This disposes of all the exceptions in the case. There is some objection in the argument as to the *venire,* but no exception was taken to this, and no objection made before the jury was sworn nor otherwise in the court, and we perceive no irregularity therein to the prejudice of the prisoner, nor otherwise.

Upon the whole case we are of opinion to affirm the judgment.

JUDGMENT AFFIRMED.