# Richmond

Cornelius F. Bland v. Commonwealth of Virginia.

February 24, 1941.

Record No. 2388.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

820

*W. A. Hall, Jr.,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

This case brings in review the trial of Cornelius F. Bland for the alleged larceny of an automobile. The verdict of the jury, confirmed by the judgment of the court, found him guilty, and the punishment was confinement in the state penitentiary for one year.

We have said, too often to need citation, that it is just as obligatory upon the appellate court, to set aside a verdict of a jury and the judgment of a court, when it is, in its opinion, contrary to the law and evidence, and therefore plainly wrong, as it is to sustain it when the reverse is true.

Here three boys, of whom the acccused was one, were seen by two police officers in an alley in the city of Richmond. Upon the approach of the officers the boys fled. They were pursued and two of them were caught. The accused was found hiding in a garage where there was an automobile which had been stolen. He and the other boy, who had been caught, were put in the officers' car and while they were being driven along a street in the direction of a police telephone box, the officers heard through their radio that an automobile similar to the one they had seen in the garage had been stolen. The boys were riding on the back seat of the car. The officers testified that they returned to the scene of the alley, and the garage, which abutted thereon. They put the

boys out of the car and searched it, and found nothing incriminating. Officers Pillow and Bowles searched the car. Afterwards, it does not appear how long, two officers, who had come upon the scene before the others had returned, raised the back seat of the police car in which the accused and the other boy had been riding and found the keys belonging to the stolen car. They were identified by the owner of the car, who said that his car was stolen on the 19th of June, the day before the happening of the incidents which we have detailed.

The accused and his companion denied the charge asserted against them, and fixed their presence elsewhere than at the premises of the owner of the car at the time he said it was taken. Upon being questioned by the officers as to why they were in the alley and why they ran, the boys said that they went there in response to a physical necessity and also to take a drink of illicit liquor which they had purchased from a bootlegger whom they had contacted on the way back to the city from the fair ground. The officers testified that there was visible evidence of the truth of the first reason assigned and the accused and his companion testified that the boy whom the officers failed to apprehend had the liquor. The wife of the accused substantiated his account of his whereabouts at the time the car was stolen.

Thus we have the accused, in accounting for his conduct, corroborated by a physical fact, disclosed by an officer, and the liquor incident not denied. One's knowledge of human things and beings makes one know that it is perfectly natural for boys to try to escape, when caught by policemen, doing either of the things alleged, in the place where they were. We attach little importance to the fact that the accused was found in the garage in which the car was. When a boy is caught in the commission of any naughtiness and tries to get away, he adopts the first place of refuge he can find, without taking note of the plight of his hideout. There is no evidence potent enough to impair the strength of this, un-

less it is the circumstances of the keys being found under the back seat of the car where the boys sat. As we see it, this is unavailing to the Commonwealth, because there was sufficient time and opportunity for some other person to have planted them there and too, there is not a particle of evidence as to which of the boys put them there, if either. The issue of conspiracy is without evidential basis and it is too remote for concern. See *Tyler* v. *Commonwealth*, 120 Va. 868, 91 S. E. 171.

A bill of exceptions appears in the record which is based upon the admission of testimony to prove that the accused had been convicted some five years before of stealing an automobile and had been confined in the penitentiary therefor. In fact this was elicited by the attorney for the Commonwealth on his cross examination of the accused. This, of course, was a separate and distinct crime from that charged and could not be properly and legally proven to show guilt in this case.

It is quite true that a previous conviction of crime, if it involved moral turpitude and opprobrium, may be shown as affecting the credibility of a witness, even if the witness be the accused, but it is the duty of the court to instruct the jury of the restricted purpose for which the evidence is admitted. The accused charges that the court was requested to do this but refused. This is not controverted by the Commonwealth. Neither the narrative of the evidence nor the bills of exception throw any light upon the matter. We were concerned with a similar question in the recent case of *Campbell* v. *Commonwealth*, 176 Va. 564, 11 S. E. (2d) 577.

We reverse the judgment and remand the case for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*