# Richmond

## LAWRENCE DEAN AND FLOYD SHIFFLETT V. COMMONWEALTH OF VIRGINIA.

April 18, 1949.

Record No. 3513.

Present, All the Justices.

The opinion states the case.

*Julian K. Hickman* and *Lawrence H. Hoover,* for the plaintiffs in error.

*J. Lindsay Almond, Jr., Attorney General,* and *Ballard Baker, Assistant Attorney General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

At the April, 1948, term of the Circuit Court of Rockingham county, an indictment was returned against Lawrence Dean and Floyd Shifflett, which charged that they, "on or about the 1st day of May, 1948, in the County of Rockingham, did unlawfully and feloniously combine, conspire and confederate together for the purpose of committing an assault and bodily injury upon H. E. Taylor, with intent him, the said H. E. Taylor to maim, disfigure, disable or kill, and in pursuance of said conspiracy and confederation, they, the said Lawrence Dean and Floyd Shifflett, in and upon the said H. E. Taylor did make an assault and him the said H. E. Taylor unlawfully, feloniously and maliciously did beat and wound with their fists and cause him bodily

injury; to-wit, a fractured nose, bruises and lacerations, with intent him, the said H. E. Taylor, then and there to maim, disfigure, disable or kill, * * *."

On June 17, 1948, the defendants demurred to the indictment and moved to quash it on the ground that it included charges of two offenses, one, conspiracy, a misdemeanor, and the other, malicious maiming, a felony, which demurrer and motion the court overruled. The defendants then moved to strike from the indictment the language relating to a conspiracy, which motion the court sustained. Thereupon the defendants were arraigned on the indictment as amended and each pleaded not guilty. A jury was impaneled and sworn. The defendants then moved the court to declare a mistrial because it had ruled upon the foregoing demurrer and motions when neither of the accused was present in person. The court sustained their motions, declared a mistrial, and discharged the jury.

Thereupon the defendants demurred to the original indictment on the grounds formerly assigned, and again moved to strike from the indictment the language relating to a conspiracy. The court overruled both the demurrer and the motion. The defendants were rearraigned and each pleaded not guilty. A new jury was then impaneled, sworn, and charged as follows:

"If you find the accused, Lawrence Dean, guilty of wounding H. E. Taylor or causing him bodily injury, by any means, with malicious intent, as charged in the indictment, you will say so and fix his punishment by confinement in the penitentiary for a period of not less than one year nor more than ten years.

"If you do not find him guilty of malicious wounding or malicious bodily injury, as charged in the indictment, but find him guilty of unlawful wounding or unlawful bodily injury, as therein charged, you will say so and fix his punishment by confinement in the penitentiary for a period of not less than one year nor more than five years, or, in your discretion, by confinement in jail not exceeding twelve months and by a fine not exceeding five hundred dollars.

"If you do not find him guilty of either of the felonies aforesaid, but find him guilty of assault and battery, as further charged in the indictment, then you will say so and fix his punishment by confinement in jail for a period not exceeding twelve months or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment.

"If you find him not guilty, you will say so and no more."

A similar charge was given in the case of Floyd Shifflett.

The defendants objected to the charge to the jury because of its failure to include a direction to make a finding as to the offense of conspiracy. This objection the court overruled, holding that the indictment solely charged the commission of a malicious assault, and that the language which referred to a conspiracy was but a matter of inducement or a part of the felony charged. The trial then proceeded upon the theory that the defendant was charged with the felony only.

After hearing the evidence and instructions of the court, the jury returned a verdict finding "Lawrence Dean, guilty of wounding H. E. Taylor with malicious intent, as charged in the indictment," and fixed "his punishment by confinement in the penitentiary for two years." They further found "Floyd Shifflett, guilty as charged in the indictment, of aiding and abetting the defendant, Lawrence Dean," and fixed "his punishment by confinement in the penitentiary for fifteen months." The defendants duly moved the court to set aside the verdict and grant a new trial for reasons assigned.

The court overruled the exceptions and entered judgment according to the verdict.

We are asked to reverse the judgment, and set aside the verdict on the grounds, first, that the court erred in failing to sustain the demurrer to the indictment and the motions to quash and amend the indictment; second, that the court erred in failing to strike the Commonwealth's evidence, as insufficient to establish Shifflett as an aider and abetter of Lawrence Dean, or that Dean was guilty of the offense charged; and, third, that the court erred in admitting im-

proper evidence as to the character and general reputation of the defendants.

[1] An indictment should state, with as much certainty as the nature of the case will permit, the facts which constitute the crime intended to be charged, so as to clearly apprise the accused of the crime with which he stands charged, and thus enable him to prepare his defense thereto, and further that the conviction or acquittal may be pleaded in bar of any future prosecution for the same offense.

█ As a general rule, a defendant cannot be charged in one and the same count with two or more independent offenses, as such, subject to different penalties. The reason of the rule is to prevent confusion, multiplication of issues, and prejudice to a defendant. *Hatcher* v. *Commonwealth*, 106 Va. 827, 55 S. E. 677; *Pine* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652; Digest of Va. & W. Va. Reports (Michie), Vol. 5, page 633, and cases cited; 42 C. J. S., Indictments and Informations, page 1112, section 162.

█ We have many times held that indictments for statutory offenses should be couched in the language of the statute. Virginia Code, 1942 (Michie), section 4402, sometimes called the maiming act, is purely statutory. It is not requisite to charge in an indictment for a violation of that section any more than is necessary to accurately and adequately charge the felony.

In 11 Am. Jur., Conspiracy, section 9, page 549, it is said:

█ "The rule appears to be well settled in most jurisdictions that a conspiracy to commit a crime is not merged in the commission of the completed offense, but is a distinct offense of itself and punishable as such notwithstanding its object, the attempted crime, has been accomplished. This is the universal rule where the conspiracy and the executed act are crimes of equal grade, and also seems to be generally true now regardless of whether the conspiracy or its object is regarded as the same grade of offense or the one is regarded as of a higher grade than the other, as where one is a felony and the other a misdemeanor. Some of the

cases have stated—mostly by way of dictum—that where a conspiracy is a misdemeanor and its object, the substantive crime, a felony, the conspiracy would merge in the substantive crime; but this doctrine has seldom been actually applied and seems now to have been generally abandoned."

The minority rule was followed in *Anthony v. Commonwealth*, 88 Va. 847, 850, 14 S. E. 834. There it was said:

"But although the conspiracy is a complete offence by itself before it is carried into effect, yet if the act conspired to be done be a felony, and it is carried into effect, and the felony is committed, the conspiracy is merged in the felony, and the indictment should be for the felony, and not for the conspiracy." (Citing cases.)

In *State v. Wisman*, 93 W. Va. 183, 116 S. E. 698, an indictment in almost the identical language of the one before us was held good upon demurrer, the West Virginia court holding that the lesser crime of conspiracy therein charged was included in the greater crime of malicious assault.

The indictment before us, according to the contention of the Commonwealth, merely sets out the preliminary stages of the felony charged. It is contended that the allegations as to a conspiracy constitute only a part of the general scheme of which the crime charged was a part. Such allegations were unnecessary to charge a felony under the maiming act, Code, section 4402, and they can be regarded as surplusage. Inasmuch as they cause the averments of the indictment to border upon duplicity, the court might have properly struck out the language relating to a conspiracy. Virginia Code, 1942 (Michie), section 4878. Without the objectionable allegations, a felony was charged. That was the only crime for which the Commonwealth sought conviction, and the only crime charged which the defendants were required to defend. For these reasons, we find no prejudicial error in the rulings of the trial court upon the demurrer and motion to strike.

This brings us to the evidence which was in sharp conflict. In view of the conclusion which we have reached

requiring a new trial, we shall state only so much as is necessary to a proper understanding of the remaining questions.

H. E. Taylor is an undercover investigator of the Virginia Alcoholic Beverage Control Board. He was assigned to work in the area near Elkton, Virginia, for the purpose of obtaining information against violators of the A. B. C. Act. He was brought into contact with John Crawford, a suspected violator of the law, who agreed to act as an informer of violation by others. Taylor agreed to pay Crawford $2 for each violator he helped to catch. The defendants, Dean and Shifflett, were on a list of suspected violators furnished to Taylor by fellow officers.

On Friday, April 30th, Taylor met Crawford and made an arrangement, whereby Crawford would take Taylor to Dean and Shifflett on the following night for the purpose of purchasing liquor from the latter. On Saturday morning, May 1st, Crawford went to Elkton and saw both Dean and Shifflett. He said he told them that Taylor was an A. B. C. officer, and that he was going to bring him in to buy whiskey. Crawford, however, did not inform Taylor that he had done this. On Saturday night, Crawford and Taylor came to Elkton and met Dean. Dean, when asked for whiskey, said he had none; but could probably get some up the road. They entered a car driven by Harry Lam, and drove to Perry Bailey's service station. Crawford and Taylor sat in the back seat and Dean on the seat with the driver. When they arrived at Bailey's Floyd Shifflett was there on a shopping trip. Taylor got out and walked over and stood against the side of the station. Dean and Shifflett, who had known each other for some time, began to wrestle. In the course of the wrestling match, Shifflett was pushed or shoved into Taylor.

Witnesses for the Commonwealth said that Shifflett grabbed Taylor around the hips and Taylor attempted to free himself. Dean then grabbed Taylor and began striking him, with Taylor fighting back. Taylor was thrown to the ground by Dean and was severely beaten about the face and head.

Witnesses for the defense testified that Dean and Shifflett, who had known each other for sometime, became engaged in a friendly wrestling match; that after they quit wrestling Taylor grabbed Shifflett from behind and began wrestling with him; and Dean said the scuffling ought to be stopped because Shifflett had a bad ankle. Dean then stepped between Shifflett and Taylor to separate them. One of the witnesses said Taylor used the words "son of a bitch," and struck Dean with his fist. Dean retaliated and the two men began to fight, with the result stated.

Shifflett denied that he hit Taylor or aided and abetted Dean during the fight. He said that he tried to separate Dean and Taylor and to bring peace between them. Both defendants denied that Crawford had revealed the identity of Taylor to them or either of them prior to the fight. They said that they did not know he was an officer of the A. B. C. Board. The defendants did not put their respective characters and general reputations in issue.

■ Without passing upon its weight, we are of opinion that, considered in the light of all the circumstances, the evidence was sufficient to present a jury question.

The court permitted the Commonwealth's attorney, over the objection of the defendants, to ask Shifflett, on cross-examination, whether he had been convicted of petit larceny in a trial justice court in February, 1946. Shifflett denied such a conviction. No evidence was presented to contradict him. The jury was not told for what purpose the question was asked.

Shifflett was also asked whether he had been convicted of assault and battery in the trial justice court of Rockingham county in October, 1940, and again of the same character of offense in May, 1945. He replied in the affirmative, and undertook to explain the reason for one of the convictions.

The Commonwealth's attorney was allowed, on cross-examination, to ask Dean whether or not he had been recently convicted on an assault charge. When the defendant answered in the affirmative, the Commonwealth's attorney

then asked him, "That is the usual way you settle your affairs, isn't it?" To this Dean replied "No."

■■ "No rule is better settled in Virginia than the rule that evidence of bad general reputation cannot, in the absence of statute, be offered by the Commonwealth, unless the accused has put such character in issue by first offering evidence of his good general reputation." *Jones* v. *LaCrosse*, 180 Va. 406, 410, 23 S. E. (2d) 142. *Walker* v. *Commonwealth*, 1 Leigh (28 Va.) 574; *Culbertson* v. *Commonwealth*, 137 Va. 752, 119 S. E. 87; *Harold* v. *Commonwealth*, 147 Va. 617, 136 S. E. 658; Digest of Va. and W. Va. Reports (Michie), Vol. 3, Criminal Law, section 101, and cases cited.

It is equally well settled that, under similar circumstances, it is error to admit in evidence against an accused another specific offense by him, wholly unconnected with that for which he is put on trial. Evidence of the prior offenses of assault and battery by the defendants upon other persons, on different days at different places, was not admissible as coming within any exception to the rule. *Colvin* v. *Commonwealth*, 147 Va. 663, 669, 137 S. E. 476; *Limbaugh* v. *Commonwealth*, 149 Va. 383, 391, 140 S. E. 133.

In *Colvin* v. *Commonwealth*, *supra*, this was said by Judge Burks:

"Generally, it is not competent, on the trial of a criminal case, for the Commonwealth to offer testimony of a prior, independent crime. Such testimony is not within the pleadings, and would be an unfair surprise and prejudicial to the accused, who does not come to the trial prepared to vindicate every act of his past life. But the exception to the rule is as well established as the rule itself, that such testimony is admissable, where it shows motive, intent or guilty knowledge, or is connected with or leads up to the offense for which the accused is on trial. 1 Wig. Ev., section 396."

In *Bland* v. *Commonwealth*, 177 Va. 819, 13 S. E. (2d) 317, the defendant was tried for the larceny of an automobile. Testimony was admitted to prove that he had

been convicted some five years before of stealing another automobile. It was held that the former conviction was a separate and distinct crime from that charged and could not be properly and legally proven to show guilt in the later case.

In *Campbell* v. *Commonwealth*, 176 Va. 564, 568, 11 S. E. (2d) 577, the late Mr. Justice Browning, dealing with a similar question, said:

"In contradistinction one may be guilty of the commission of a crime at one time, and at a subsequent time be as white as the driven snow. Repentance and reform are pillars of the structure of salvation upon which it is built."

It was clearly improper, under the circumstances, to allow the witnesses to be questioned as to specific offenses wholly unconnected and unrelated to the offense for which they were on trial. The questions asked and the evidence adduced had the effect of casting an innuendo unfavorable to them into the jury box. The defendants were required only to meet the specific offense with which they were charged. The rule is intended to restrain proof within the limits of the charge against a defendant, and to prevent his conviction for one offense because, perhaps, he has committed others. It is against the tradition of our law to convict a man of a specific crime merely because he is generally regarded as a man of bad reputation. The policy of excluding such evidence tends to prevent confusion of issues, unfair surprise, and undue prejudice. 1 Wigmore, Evidence (3rd Ed.), section 57.

For an interesting discussion of the history, purpose, and tradition of the general rule that the State may not show a defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, except when the prior crime is an element of the later offense, or discloses a course of fraudulent conduct to establish fraudulent intent, see the recent case of *Michelson* v. *United States*, 335 U. S. 469, 69 S. Ct. 213, 93 L. Ed. 160.

For the foregoing reasons the judgment of the trial court is reversed, the verdict of the jury set aside, and this cause remanded for a new trial in accordance with the views herein expressed.

*Reversed and remanded.*