## Richmond

## ALBERT EUGENE BELL

v.

## COMMONWEALTH OF VIRGINIA

June 8, 1979.

Record No. 781379.

Present: All the Justices.

*William H. Swan, III,* for appellant.

*Todd E. LePage, Assistant Attorney General (Marshall Coleman,*

*Attorney General,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

The question in this appeal is whether one who has been convicted of statutory burglary may be convicted of conspiracy to commit that same offense.

Albert Eugene Bell was convicted of statutory burglary under the provisions of Code § 18.2-91. He subsequently moved to quash the indictment charging him, under the provisions of Code § 18.2-22, with conspiracy to commit statutory burglary and grand larceny on the ground that the conspiracy was merged into the consummated statutory burglary of which he had been convicted. The trial court overruled the motion, heard the evidence without the intervention of a jury, found Bell guilty as charged, and sentenced him to serve 12 months in jail.

Bell relies upon certain language in *Anthony v. Commonwealth,* 88 Va. 847, 14 S.E. 834 (1892), quoted in *Dean v. Commonwealth,* 189 Va. 426, 53 S.E.2d 141 (1949), which, he says, shows that Virginia adheres to the minority rule that conspiracy is merged into the completed crime. The general rule, applied in the majority of jurisdictions, is that conspiracy is not merged into the completed crime that is the object of the conspiracy. Annot., 37 A.L.R. 778 (1925), supplemented by Annot., 75 A.L.R. 1411 (1931). In *Anthony,* the indictment contained three counts, the second of which charged larceny committed jointly in accordance with a previous agreement. We held that this count was not a charge of conspiracy, although we acknowledged that if the count had alleged only the combination and the intent it would have charged a conspiracy. The opinion contained the following dicta, 88 Va. at 850, 14 S.E. at 835:

> But although the conspiracy is a complete offence by itself before it is carried into effect, yet if the act conspired to be done be a felony, and it is carried into effect, and the felony is committed, the conspiracy is merged in the felony, and the indictment should be for the felony, and not for the conspiracy.

In *Dean,* two defendants were charged with conspiracy to commit an assault and bodily injury upon a victim and with

maliciously maiming the same person. The defendants demurred to the indictment and moved to quash it on the ground that it combined charges of conspiracy, a misdemeanor, and malicious maiming, a felony. The demurrer and motion were overruled, and the trial court instructed the jury only as to the malicious maiming, holding that the conspiracy language was a part of the felony charge. Our Court, quoting the dicta from *Anthony,* nevertheless agreed that the conspiracy language was mere surplusage unnecessary to the indictment for malicious maiming upon which the defendants were tried and convicted. The convictions were reversed on other grounds.

In *Callanan* v. *United States,* 364 U.S. 587, *reh. den.,* 365 U.S. 825 (1961), the United States Supreme Court held that conspiracy and the consummated offense, under the federal statute in question, constituted independent and separate crimes, thus reaffirming the principle approved in *Pinkerton* v. *United States,* 328 U.S. 640 (1946), and other cases. The majority opinion, by Mr. Justice Frankfurter, stated that at early common law the rule that conspiracy, a misdemeanor, was merged with the completed felony was grounded upon the procedural distinctions between misdemeanors and felonies, the defendant in a misdemeanor trial, but not in a felony trial, being entitled to counsel and to a copy of the indictment. With the widespread elimination of the procedural distinctions, there was no longer any rational justification for the merger theory. *Callanan* v. *United States, supra* at 589-90. On the contrary, the majority was of opinion that collective criminal agreement presented greater potential danger to the public than individual planning because of the increased likelihood of success in a joint venture, and the possibility that crimes too complex for an individual criminal to perpetrate and crimes unrelated to the original agreement will be committed, so that conspiracy should properly be punished as an independent crime. *Id.* at 593-94.

We agree that there is no longer any justification for perpetuating in any form the outmoded doctrine of merger of conspiracy with the consummated offense, regardless of the classification or grade of conspiracy and of the substantive offense. Accordingly, we hold that Bell's conviction of statutory burglary did not bar his subsequent conviction of conspiracy, and that the trial court correctly overruled Bell's motion to quash the indictment charging him with conspiracy. To the extent that dicta in *Anthony* and *Dean* suggest a different rule where the conspiracy is a misdemeanor and the substantive offense is a felony, we expressly overrule those cases.

*Affirmed.*