Ivy Thomas Boyd

V.

Commonwealth of Virginia

Record No. 870821

November 18, 1988

Present: All the Justices

*John E. Zydron (Kevin L. Hubbard; Bryan and Zydron*, on brief), for appellant.
*Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

The answer to the question presented in this criminal appeal will determine to what extent the General Assembly changed the common law with the 1985 enactment of Code § 18.2-23.1, dealing with a prohibition against convictions for both a completed substantive offense and an underlying conspiracy.

In April 1985, defendant Ivy Thomas Boyd was charged in the Circuit Court of the City of Chesapeake in separate indictments with distribution of cocaine and conspiracy to commit that offense. In August 1985, defendant was found guilty in a single bench trial of both charges and subsequently was sentenced to terms in the penitentiary.

Defendant appealed the convictions to the Court of Appeals which limited the appeal to the question whether defendant could

"be convicted at the same time of conspiracy and the substantive offense of distribution of cocaine." A panel of the Court of Appeals affirmed the convictions in an unpublished order. The defendant appealed to this Court and we limited the appeal to essentially the same question posed by the Court of Appeals.

In 1979, we decided that under the common law of Virginia a defendant could be convicted of a consummated offense, and subsequently could be tried and convicted of conspiracy to commit that offense. *Bell* v. *Commonwealth*, 220 Va. 87, 255 S.E.2d 498. There, we rejected "the outmoded doctrine of merger of conspiracy with the consummated offense." *Id*. at 89, 255 S.E.2d at 500.

Six years later, on July 1, 1985, a month before defendant was tried, the statute at issue became effective, having been enacted by the 1985 General Assembly. Acts 1985, ch. 376. The enactment provided:

"§ 18.2-23.1. Completed substantive offense bars conviction for conspiracy. — Notwithstanding any other provision of this article or of § 18.2-256 [punishing drug-related conspiracy], in any case where a defendant has been tried and convicted of an act he has also conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and not thereafter be convicted for the underlying conspiracy."

In affirming defendant's convictions, the Court of Appeals did not interpret the statute in question. Instead, the court, addressing an issue not raised by either party in the trial court or the Court of Appeals, decided that the statute was not applicable. The court stated that no words in the enactment revealed a legislative intent to apply it retroactively to offenses committed before its effective date. Both convictions were affirmed on the basis of the common-law rule articulated in *Bell*. The manner in which we limited the issue at the petition stage of this appeal requires interpretation of the statute; therefore we will assume without deciding that the statute applies.

The parties make the same arguments here that were made before the trial court and the Court of Appeals. The defendant contends that a "literal interpretation" of the statute "does not allow a conviction for conspiracy where the act is committed and the Defendant is convicted of the completed offense." The defen-

dant says that in the present case the conviction for distribution of cocaine was entered by the trial court and "thereafter" the court convicted defendant of the conspiracy. He argues that even though both convictions resulted during the same proceeding, the conviction for conspiracy was subsequent in time to the conviction for distribution. Thus, defendant urges, the "inescapable conclusion is that the Defendant's conviction for conspiracy to distribute narcotics constitutes a 'subsequent conviction' within the meaning of" the statute in issue. We do not agree with defendant that his conviction for conspiracy was precluded by his conviction for the substantive offense under the circumstances of this case.

■ Several established rules relating to construction of statutes in derogation of the common law should be reviewed. The common law will not be considered as altered or changed by statute unless the legislative intent is plainly manifested. *Hannabass* v. *Ryan*, 164 Va. 519, 525, 180 S.E. 416, 418 (1935). A statutory change in the common law is limited to that which is expressly stated or necessarily implied because the presumption is that no change was intended. *Strother* v. *Lynchburg Bank*, 155 Va. 826, 833, 156 S.E. 426, 428 (1931). When an enactment does not encompass the entire subject covered by the common law, it abrogates the common-law rule only to the extent that its terms are directly and irreconcilably opposed to the rule. *Newport News* v. *Commonwealth*, 165 Va. 635, 650, 183 S.E. 514, 520 (1936). And, we properly may resort to the statutory history and to the enactment process to ascertain legislative intent. *American Airlines, Inc.* v. *Battle*, 181 Va. 1, 8, 23 S.E.2d 796, 800 (1943).

In the present case, House Bill 1113 was introduced during the 1985 session of the General Assembly to amend the Code of Virginia by adding a section. H.J., 1985 Sess., 123. The bill, as introduced, provided:

"§ 18.2-23.1. Completed substantive offense bars conviction for conspiracy. — Notwithstanding any other provision of this article or of § 18.2-256, in any case where a defendant has carried into effect an act he conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and not for the underlying conspiracy."

The bill was passed by the House and communicated to the Senate. S.J., 1985 Sess., 377-78. It obviously was intended to overrule *Bell*. The bill, however, was not enacted as introduced.

House Bill 1113 was amended in the Senate Courts of Justice Committee and passed the Senate as amended. S.J. 632-33. The Senate version of the bill provided:

> "Section 18.2-23.1. Completed substantive offense bars conviction for conspiracy. — Notwithstanding any other provision of this article or of § 18.2-256, in any case where a defendant has been tried and convicted of an act he has also conspired to commit, such defendant shall therefore be convicted not for the underlying conspiracy." *Id.*

Subsequently, the House rejected the Senate amendments. H.J. 1153-54. Then, the Senate insisted on its amendments and requested a committee of conference. S.J. 740. Upon reference to a conference committee, the bill was further amended and the conference committee's report was agreed to by the House and Senate. H.J. 1338-39; S.J. 843-44. The bill, as amended in conference, was enacted into law as present § 18.2-23.1. Acts 1985, ch. 376.

■ The statutory history, including the enactment process, and the statutory language demonstrate clearly that the intent of the legislature in enacting the present statute, unlike the intent expressed in the original bill, was not to overrule *Bell* totally. In *Bell*, the defendant had been convicted of statutory burglary and, in a subsequent trial, was convicted of conspiracy to commit statutory burglary and grand larceny. We held that Bell's conviction of statutory burglary did not bar his subsequent conviction of conspiracy. 220 Va. at 89, 255 S.E.2d at 500.

■ We conclude that the extent of the General Assembly's effect on the *Bell* holding was to modify the rule and to bar conviction in a subsequent trial for conspiracy after the accused had been tried and convicted in a previous trial of the consummated offense. The statute as enacted did not encompass the entire subject covered by the common law as expressed in *Bell*, the only Virginia authority on the subject. Thus, the common-law rule is considered abrogated only to the extent that the statute is directly and irreconcilably at odds with the rule.

■ Consequently, construing the enactment and the statutory term "thereafter," we hold that the statute bars conviction for conspiracy in a subsequent trial after an earlier conviction for the substantive offense. The statute does not prohibit, however, conviction of both the completed substantive offense and the underlying conspiracy, provided the convictions occurred, as here, in a single trial, regardless of the order in which the trial court announced the convictions. In sum, the word "thereafter," as used in the statute, means "at a subsequent trial" and does not mean just any moment in time subsequent to conviction of the substantive offense.

For these reasons, the order of the Court of Appeals will be

*Affirmed.*