## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Joseph L. Garrett

March 28, 1990

Case Nos. CR90-86 and CR90-87

By JUDGE WILLIAM H. LEDBETTER, JR.

This opinion addresses the defendant's motion to sever these substantive drug offenses from the trial of the underlying conspiracy offenses and to order that these substantive offenses be tried first.

On January 23, 1990, the multi-jurisdictional grand jury for the City of Fredericksburg and the counties of King George, Spotsylvania, and Stafford returned four indictments against Garrett: (1) conspiracy to distribute psilocyn, (2) conspiracy to distribute lysergic acid diethylamide (LSD), (3) possession with intent to distribute psilocyn (psilocybin), and (4) possession with intent to distribute LSD. Because the offenses allegedly occurred in this jurisdiction, the indictments were forwarded to the Fredericksburg Commonwealth's Attorney's office for prosecution in this court.

A capias was issued on the two conspiracy charges, and Garrett was arrested. He was brought before the court on January 26, 1990, and having proved his indigency, an attorney was appointed to represent him.

On February 14, 1990, Garrett was arraigned on the two conspiracy indictments (CR90-60 and CR90-61) and entered

pleas of not guilty. (Also on February 14th, the court disposed of certain pretrial motions which need not be detailed here.)

Trial has been set with a jury on May 4, 1990.

Meanwhile, the other two indictments, charging the completed substantive offenses, were forwarded to the Fredericksburg Commonwealth's Attorney's office for prosecution. Garrett was served with those papers, and arraignment was set for March 26, 1990. At his arraignment, Garrett entered pleas of not guilty to the two substantive offenses. The Commonwealth did not concur in Garrett's waiver of trial by jury. Then, Garrett made his motion which is the subject of this opinion, and the court took the matter under advisement.

There is no restriction on a trial court's discretion to order separate trials. On the other hand, a court may only order an accused to be tried for more than one offense at the same time if certain requirements are met. First, justice must not require separate trials. Rule 3A:10(b). Second, the offense must meet the requirements of Rule 3A:6(b), or both parties must consent to the offenses being tried together. The requirements of Rule 3A:6(b) consist of three alternatives. Offenses may be joined if (1) the offenses are based on the same act or transaction, (2) the offenses are based on two or more acts or transactions that are connected, or (3) the offenses constitute parts of a common scheme or plan. *Cook v. Commonwealth*, 7 Va. App. 255 (1988).

There seems to be no dispute between the Commonwealth and Garrett that all of the charges are based on acts or transactions that are connected and that they constitute parts of a common scheme or plan. (In fact, Garrett appears to concede the interrelationship of the offenses by his reliance on Virginia Code § 18.2-23.1, discussed more below, which comes into play only when a defendant stands accused of a completed substantive offense and "the *underlying* conspiracy.") In short, Garrett does not argue that none of the alternative requirements of Rule 3A:6(b) are satisfied. Instead, he relies on the alternative requirements of Rule 3A:10(b), arguing that justice requires separate trials of the conspiracy offenses and the substantive offenses.

In order to understand the basis for Garrett's argument that justice requires separate trials, it is necessary to review § 18.2-23.1. That statute, which modified the common law, provides:

> In any case where a defendant has been tried and convicted of an act he has also conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and not thereafter be convicted for the underlying conspiracy.

In *Boyd v. Commonwealth*, 236 Va. 346 (1988), the Court reviewed the legislative history of the statute and interpreted its provisions. There, the defendant was found guilty in a single trial of distribution of cocaine and conspiracy to commit that offense. Based on the legislative history and statutory language, the Court concluded that the General Assembly intended to modify the common law only to bar conviction in a *subsequent* trial for conspiracy after the accused had been tried and convicted in a *previous* trial of the completed offense. The Court said:

> Consequently, construing the enactment and the statutory term "thereafter," we hold that the statute bars conviction for conspiracy in a subsequent trial after an earlier conviction for the substantive offense. The statute does not prohibit, however, conviction of both the completed substantive offense and the underlying conspiracy, provided the convictions occurred . . . in a single trial . . . . *Boyd*, at p. 351.

Analyzing Garrett's argument in light of the language of § 18.2-23.1 and the holding in *Boyd*, it seems that the court is being urged to structure a scenario in which Garrett perforce avoids convictions on the conspiracy charges. To accept such an invitation, the court would strip the Commonwealth of its right to prosecute Garrett for both the conspiracy offenses and the substantive

offenses in a single trial, as is clearly permitted under *Boyd*.

In sum, justice does not require separate trials under Rule 3A:10(b) for no other purpose than to permit the defendant to go to trial first on the substantive offenses and then, if convicted, to avail himself of the provisions of § 18.2-23.1 in order to avoid subsequent convictions of the underlying conspiracy offenses.

Finding no other basis for severance, the motion is denied. Trial on all four charges is set for May 4, 1990, with a jury.