## Richmond

### DAVID PERCELL BOWMAN

v.

### COMMONWEALTH OF VIRGINIA

Nos. 1218-88-2

0217-89-2

Decided November 6, 1990

COUNSEL

David E. Boone (Andrea C. Long; Boone, Carpenter, Beale & Cosby, on briefs), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General; Leah A. Darron, Assistant Attorney General, on briefs), for appellee.

OPINION

**DUFF, J.**—In this appeal we must determine whether a conviction for distribution of narcotics bars a subsequent prosecution of the same defendant for conspiracies to distribute narcotics on dates different from that of the distribution conviction. We hold that the distribution conviction is not a bar to the conspiracy convictions, as the conspiracy convictions did not involve the particular acts upon which the substantive conviction was based. However, as we find that there was one overall, ongoing conspiracy encompassing various transactions, the second conspiracy prosecution is barred under principles of double jeopardy.

When the facts are viewed in the light most favorable to the Commonwealth, the record reveals the following: In July 1987, Darryl Baylor, a drug user and dealer, began working for the Richmond City Police Department as an informant. Through Baylor, the police commenced surveillance of David P. Bowman, appellant, and others from early August 1987 through February 1988. Baylor was regularly provided with cash to purchase cocaine. Through the use of video-camera equipment and hidden microphones the Commonwealth determined that appellant ran a drug dealing organization from a business in Henrico County known as the Album Box record store. Appellant's brother, Anthony Bowman, was second in command. Also in the group were Randy Smith and Jacqueline Elam, the appellant's girlfriend.

During the period of surveillance of the Album Box record store, Baylor was involved in eight separate drug transactions with the appellant and his accomplices.

On August 4, 1987, Baylor contacted Randy Smith and the appellant for the purpose of purchasing one ounce of cocaine. Baylor and Smith went to the Album Box record store in Henrico County where they met the appellant. The appellant told Baylor to give $1800 to his girlfriend, Jacqueline Elam, inside the store. Outside, Baylor and Anthony Bowman, who had arrived a short time before, were instructed by the appellant to get into Smith's car. At that point, Anthony Bowman delivered the cocaine to Baylor.

On August 31, 1987, Baylor bought one-half ounce of cocaine from Randy Smith for $1000, Smith having received the drug

from Elam.

On September 23, 1987, Baylor and Smith contacted the appellant to buy cocaine. The appellant directed them to Anthony Bowman. Through Smith, Baylor purchased one ounce of cocaine from Anthony Bowman for $1800.

On September 25, 1987, Baylor met with Smith and Anthony Bowman to purchase cocaine. They arranged a meeting in which Baylor, through Smith, purchased one ounce of cocaine from the appellant for $1800.

On October 7, 1987, Baylor went to Smith to purchase cocaine. Smith contacted the appellant, who arranged a meeting wherein Pam Kerwin, another of Bowman's girlfriends, delivered cocaine to Smith, who in turn delivered it to Baylor.

On November 13, 1987, Baylor went to the appellant's business, the Album Box, and told Elam that he needed one ounce of cocaine and that he needed it before 2:00 p.m., as the buyer was leaving town. Elam told Baylor that she would "call and see what they say." After making the call she told Baylor that "he" would meet Baylor in front of Baylor's house. At about 12:30 p.m. the appellant arrived in front of Baylor's house. Baylor told him what he had told Elam and gave appellant $1800 cash. The appellant left and went to his home. After remaining in his home for approximately six minutes, appellant returned to Baylor's house and delivered one ounce of cocaine.

On December 15, 1987, Baylor called the appellant for cocaine. Baylor purchased one ounce from the appellant for $1800 while sitting in the front seat of the appellant's car.

On December 24, 1987, Baylor went with Smith to appellant's home for a Christmas Eve party for Album Box employees. Smith received from Elam four one-sixteenth ounce packets of cocaine to distribute. Baylor did not purchase any of these drugs, but was with Smith when he received them.

The August 4, September 25, November 13, December 15 and December 24, transactions occurred in Henrico County. The August 31 and October 7 transactions occurred in the city of Richmond. The September 23 transaction occurred partly in Henrico County and partly in the city of Richmond.

On August 30, 1988, appellant was convicted of conspiracy to distribute cocaine stemming from the events of November 13, 1987. On February 14, 1989, appellant was again convicted of conspiracy to distribute cocaine, this time for events occurring on August 4, 1987. Prior to the trials in these cases, appellant had been tried and convicted of distribution of cocaine as a consequence of the events of December 15, 1987. These appeals arise from the conspiracy convictions of August 30, 1988, and February 14, 1989.

I.

In both convictions on appeal, Bowman moved the court to quash the conspiracy indictment on the ground that, pursuant to Code § 18.2-23.1, he could not be prosecuted for the conspiracy because he had previously been convicted of the substantive offense of distributing cocaine to Baylor on December 15, 1987. These motions were denied and the denials comprise the first issue on appeal.

A brief review of the history of Code § 18.2-23.1 will be helpful. In *Bell v. Commonwealth*, 220 Va. 87, 255 S.E.2d 498 (1979), the Virginia Supreme Court rejected the merger doctrine, stating that "there is no longer any justification for perpetuating in any form the outmoded doctrine of merger of conspiracy with the consummated offense." *Id.* at 89, 255 S.E.2d at 500. Six years later, the General Assembly, in apparent response to *Bell*, enacted Code § 18.2-23.1, which provides in pertinent part:

[I]n any case where a defendant has been tried and convicted of an act he also conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and not thereafter for the underlying conspiracy.

Soon after its enactment, the Supreme Court had occasion to interpret the statute in *Boyd v. Commonwealth*, 236 Va. 346, 347 S.E.2d 301 (1988). The Court observed that the "intent of the legislature in enacting the present statute . . . was not to overrule *Bell* totally." *Id.* at 350, 374 S.E.2d at 303. The Court went on to hold that the "statute as enacted did not encompass the entire subject covered by the common law as expressed in *Bell*, the only Virginia authority on the subject. Thus, the common-law rule is

considered abrogated only to the extent that the statute is directly and irreconcilably at odds with the rule." *Id.*

■ Bowman's argument is that if a defendant is convicted of any one of the several substantive offenses committed during the course of a lengthy series of such offenses, he can never thereafter be convicted of conspiracy to commit any of the offenses. We hold that such was not the intent of the General Assembly in enacting Code § 18.2-23.1. "A statutory change in the common law is limited to that which is expressly stated or necessarily implied because the presumption is that no change was intended." *Boyd*, 236 Va. at 349, 347 S.E.2d at 302. Had Bowman been convicted of the substantive charge of distribution of cocaine on December 15 and then been charged with conspiracy to distribute cocaine on that date, the statute would bar the conspiracy charge.

Furthermore, the prosecution for the conspiracy existing from August 4, 1987, through February 16, 1988, is precluded by Code § 18.2-23.1 only if that prosecution is dependent upon proof of the distribution occurring on December 15, for which appellant stood convicted. If the conspiracy can be established without the introduction of evidence of the transaction of December 15, the prosecution is not barred by Code § 18.2-23.1. *See Shilling v. Commonwealth*, 4 Va. App. 500, 359 S.E.2d 311 (1987).

## II.

Bowman contends that his conduct during the applicable period constituted one ongoing, overall conspiracy, not separate, individual conspiracies. Thus, he argues, at least implicitly, that his first conspiracy conviction of August 30, 1988 operates as a bar to the subsequent conviction of February 14, 1989. We agree.

■ Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom. *Dukes v. Commonwealth*, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984); *Crumble v. Commonwealth*, 2 Va. App. 231, 233, 343 S.E.2d 359, 361 (1986). A conviction will be affirmed unless it appears from the evidence that it is plainly wrong or without evidence to support it. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); *Henry v. Commonwealth*, 2 Va. App. 194, 197, 342 S.E.2d 655, 656 (1986).

■ A conspiracy is "an agreement between two or more persons by some concerted action to commit an offense." *Cartwright v. Commonwealth*, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982) (quoting *Falden v. Commonwealth*, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). Proof of the agreement may be by circumstantial evidence. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982). "[A] common purpose and plan may be inferred from a development and collocation of circumstances." *United States v. Godel*, 361 F.2d 21, 23 (4th Cir.), *cert. denied*, 385 U.S. 838 (1966) (quoting *Glasser v. United States*, 315 U.S. 60, 80 (1942)). In fact, it has been recognized that conspiracy "often may be established only by indirect and circumstantial evidence." *Floyd v. Commonwealth*, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978).

It is clear from the facts presented that the appellant was involved in a conspiracy to distribute cocaine. On this point there seems to be no dispute.

■ In *Barber v. Commonwealth*, 5 Va. App. 172, 360 S.E.2d 888 (1987), we adopted the "totality of the circumstances" test set forth by the Fourth Circuit in *United States v. MacDougall*, 790 F.2d 1135 (4th Cir. 1986), to determine whether the prosecution has demonstrated a single conspiracy or multiple conspiracies. The *MacDougall* Court considered the following factors: (1) the time periods in which the activities occurred; (2) the statutory offenses as charged in the indictments; (3) the places where the activities occurred; (4) the persons acting as co-conspirators; and (5) the overt acts or other descriptions of the offense charged which indicate the nature and scope of the activities to be prosecuted. *Id.* at 1144.[1]

Applying these five factors to the evidence before us we find the following: (1) the activities occurred from August 4, 1987, through February 16, 1988, a relatively short time period; (2) all eight transactions involved the sale of cocaine, the price and amount being consistent in all but one instance; (3) all transactions occurred in or around Henrico County, six of the eight exchanges having some contact with or at one of the Album Box

---

[1] While the issue arose in *MacDougall* on a plea of double jeopardy, which was an issue of law for the court to decide, the factors mentioned therein are equally valid as guides for the trier of fact when the issue is factual, as in *Barber*.

record shops; (4) the Commonwealth has shown and stipulated that a heirarchy existed in the group, with the appellant as its leader; and (5) the method of operation is fairly consistent throughout these transactions, with Randy Smith acting as the "contact" person and the appellant acting as the supplier; in the transactions in which Smith was not present, there were specific references made to his absence.

The evidence presented at trial clearly supports the appellant's position that he was involved in only one conspiracy. Accordingly, we hold that the appellant was involved in one overall, ongoing conspiracy to distribute cocaine in the period of August 4, 1987, through February 16, 1988, of which the various transactions previously listed were parts.

Citing *Wooten v. Commonwealth*, 235 Va. 89, 368 S.E.2d 693 (1988), the Commonwealth asserts that even if there was but one general agreement to distribute cocaine, such an agreement would support numerous convictions for conspiracies to distribute the drug on various dates. We disagree.

*Wooten* dealt with a single agreement by the defendant to commit several drug-related crimes. Specifically, the indictments charged that the defendant conspired with others (1) to distribute marijuana in an amount in excess of five pounds; (2) to distribute cocaine; and (3) to distribute preludin. The Court determined that this single conspiracy could form the basis for multiple convictions under Code § 18.2-256, but this holding was based on the different penalties imposed for the distribution of each drug. The Court stated that "[t]o determine the applicable penalty in an agreement to distribute marijuana, cocaine, and preludin, there must be reference to the penalty for each of the individual substantive offenses that are the objects of the conspiracy." 235 Va. at 93, 368 S.E.2d at 695. Thus, because an agreement to sell a different drug constitutes a separate offense punishable by a different penalty, the Commonwealth was entitled to bring separate counts of conspiracy for each drug distributed.

In the case at bar, we are dealing with an agreement to distribute only one drug, and the alleged conspiracy existed for the purpose of distributing only that one drug, cocaine. This single agreement will not support multiple conspiracy convictions under the rationale of *Wooten*.

Having found the existence of one overall conspiracy, it follows that Bowman was placed in jeopardy for that conspiracy in the trial resulting in his conviction on August 30, 1988. His subsequent conviction of February 14, 1989 (Record No. 0217-89-2) is barred under familiar principles of double jeopardy. *Cantrell v. Commonwealth*, 7 Va. App. 269, 278, 373 S.E.2d 328, 332 (1988) ("the double jeopardy clause . . . protects against a second prosecution for the same offense after conviction").

Accordingly, we affirm Bowman's conviction of August 30, 1988 (Record No. 1218-88-2) and reverse his conviction of February 14, 1989 (Record No. 0217-89-2) and dismiss that indictment.

*Affirmed in part,*
*reversed in part,*
*and dismissed.*

Coleman, J., concurred.

Benton, J., concurring and dissenting.

I join in Part II of the opinion; however, I do not join in Part I.

"[I]n any case where a defendant has been *tried and convicted of an act* [the defendant] has also conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and *not thereafter be convicted for the underlying conspiracy.*" Code § 18.2-23.1 (emphasis added). At the time the first conspiracy charge was tried, Bowman had been convicted of distribution of cocaine arising out of the incident that occurred on December 15, 1987. The proof established only one conspiracy to distribute cocaine, spanning August 1, 1987, through February 16, 1988. The December 15, 1987, incident was an overt act that Bowman committed in furtherance of the conspiracy to distribute cocaine.

The majority apparently reads Code § 18.2-23.1 to bar only a conspiracy prosecution in which the Commonwealth uses Bowman's December 15, 1987, conduct to establish an overt act in furtherance of the conspiracy. According to the majority's reasoning, a defendant could commit several distributions of cocaine during the course of a single conspiracy, could be tried and convicted of all but one of those completed substantive offenses of

distribution, and, in a subsequent trial, be convicted of the underlying conspiracy through proof of the one remaining completed substantive offense of distribution. The statute does not permit such a result. *See Boyd v. Commonwealth*, 236 Va. 346, 350, 347 S.E.2d 301, 303 (1988)(the effect of § 18.2-23.1 is "to bar conviction in a *subsequent trial* for conspiracy after the accused had been tried and convicted in a previous trial of the consummated offense") (emphasis added).

Where there has been a "conviction of an act [that the defendant] has also conspired to commit," the statute bars conviction "for the underlying *conspiracy*." Code § 18.2-23.1 (emphasis added). The underlying conspiracy in this case was implementation of the agreement to distribute cocaine. It is the agreement which "is the essence of the conspiracy offense." *Zuniga v. Commonwealth*, 7 Va. App. 523, 528, 375 S.E.2d 381, 384 (1988). In its conclusion that only one conspiracy existed, the majority tacitly acknowledges the existence of only one underlying agreement. The December 15, 1987, incident for which Bowman has been convicted was a manifestation and an object of the agreement to distribute cocaine and done in furtherance of the agreement. That agreement forms the basis of the conspiracy conviction that the majority now upholds. Because Bowman has been convicted of a completed substantive offense, Code § 18.2-23.1 bars the prosecution for that underlying conspiracy.

Accordingly, although I agree with the majority's conclusion that the first conspiracy conviction bars the second conspiracy prosecution on double jeopardy grounds, for the reasons stated above, I would reverse both conspiracy convictions and dismiss the indictments.