## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Richard Homer Powell

December 10, 1991

By Judge J. Michael Gamble

The defendant, Richard Homer Powell, is charged with distributing marijuana in violation of § 18.2–248.1 of the Code of Virginia (1950), as amended, on or about January 12, 1991. The defendant is also charged with distributing cocaine in violation of § 18.2–248 of the Code of Virginia (1950), as amended, on or about February 15, 1991.

The defendant, through his counsel, has moved to dismiss the two charges against him on the grounds that Section 19.2–294 of the Code of Virginia prohibits prosecution of the defendant because there has been a previous Federal prosecution of the defendant for the same crime.

Section 19.2–294 of the Code of Virginia (1950), as amended, provides as follows:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others. Furthermore, if the same act be a violation of both a state and a federal statute a prosecution under the federal statute shall be a bar to a prosecution under the state statute.
>
> For purposes of this section a prosecution under a federal statute shall be deemed to be commenced with the return of an indictment by a grand jury or the filing of an information by a United States Attorney.

On April 19, 1991, the defendant, Richard Homer Powell, Jr., was indicted by a grand jury in the United States District Court for the

Western District of Virginia for conspiracy to distribute contraband drugs, including cocaine, "crack" cocaine, and marijuana between January 1, 1991, and March 28, 1991. The defendant was also charged with separate counts of possessing or distributing contraband drugs on specific dates within such time period. A copy of such indictments are filed as Defendant's Exhibit # 1 in the Court file.

The defendant entered into a plea agreement dated July 11, 1991, wherein he pleaded guilty to the conspiracy charge (Count I), and the charges of possessing or distributing drugs on other specific dates where dismissed under the plea agreement. A copy of the plea agreement is filed in the Court file as Defendant's Exhibit # 2. Also filed in the Court file is the judgment of the United States District Court for the Western District of Virginia dated October 11, 1991, which sentences the defendant to seventy-two months incarceration for pleading guilty to the conspiracy count.

On August 5, 1991, the defendant was indicted by the grand jury of the Amherst County Circuit Court for distributing marijuana on or about January 12, 1991, and distributing cocaine on or about February 15, 1991. The Amherst charges occurred within the January 1, 1991, to March 28, 1991, period of the conspiracy covered in the April 19, 1991, indictment from the United States District Court but did not occur on any of the specific days for specific acts of possession or distribution set forth in subsequent counts of the same indictment (all of which subsequent counts were subsequently dismissed by the United States District Court).

The defendant maintains that the August 1991 indictments in the Amherst County Circuit Court constitute indictments for the same act or violation prosecuted in the indictments returned in April 1991 in the United States District Court. This Court does not agree with that analysis.

Under the common law of Virginia, a defendant could be convicted of a consummated offense and convicted of a conspiracy to commit that offense. The common law of Virginia treated conspiracy and an underlying offense as separate crimes.

In *Bell v. Commonwealth*, 220 Va. 87, 89 (1979), the Supreme Court of Virginia stated as follows:

> We agree that there is no longer any justification for perpetuating in any form the outmoded doctrine of merger of conspiracy with the consummated offense, regardless of

the classification or grade of conspiracy and of the substantive offense.

Accordingly, the conspiracy of which the defendant was charged and convicted in the United States District Court is not merged with the consummated offenses alleged to have occurred on January 12, 1991, and February 15, 1991.

Section 19.2–294 of the Code of Virginia requires that "the same act" be a violation of both a state and federal statute in order for there to be a bar to prosecution or proceeding. As noted above, the charge of conspiracy under the federal indictment and distribution under the state indictments are not the same act.

Also, § 18.2–23.1 does not bar the prosecution because under that statute, the common law rule is only modified to bar a prosecution for conspiracy when there has been a trial of an earlier substantive offense. In the instant case, just the contrary occurred. There was a trial for the conspiracy and now the state seeks convictions for substantive offenses. Therefore, § 18.2–23.1 does not constitute a bar. *Boyd v. Commonwealth*, 236 Va. 346, 350 (1988).

Accordingly, the motion to dismiss of the defendant is denied.