COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


DELMAH RAPHEAL POINDEXTER
                                    MEMORANDUM OPINION* BY
v.    Record No. 0457-98-2           JUDGE LARRY G. ELDER
                                        APRIL 27, 1999
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       William R. Shelton, Judge

            Elliott B. Bender for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Delmah Rapheal Poindexter (appellant) appeals from his

bench trial convictions for attempted credit card fraud,

conspiracy to commit credit card fraud, and failure to appear.

On appeal, he contends that the trial court erroneously (1)

admitted certain testimony and (2) concluded that the evidence

was sufficient to support each of his three convictions.  For

the reasons that follow, we affirm appellant's conviction for

failure to appear and reverse his convictions for attempted

credit card fraud and conspiracy to commit credit card fraud.


_____
     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

ADMISSIBILITY OF TESTIMONY

Appellant contends that the trial court erred in admitting certain portions of the testimony of Richard Mast and Russell Rivers. Appellant argues that Mast's testimony that he saw codefendant Chester Carson at Mast's place of business before discovering his wallet and credit card missing was "irrelevant and overly prejudicial" and constituted reversible error. Appellant also argues that Rivers' testimony about Carson's use of Mast's credit card at Sears was irrelevant and prejudicial because appellant never presented himself as the cardholder and never attempted to make a purchase with the card; appellant's only connection to these events was that he entered and left the store with Carson.

We note first that appellant objected at trial to the admission of this testimony only on relevancy grounds. Because he did not contend at that time that the challenged testimony was overly prejudicial, we consider only the relevance objections. See Rule 5A:18.

Determining "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Evidence is generally admissible if it is both relevant and material. See Evans-Smith v. Commonwealth, 5 Va. App. 188,

196, 361 S.E.2d 436, 441 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

We hold that the trial court did not abuse its discretion in admitting the testimony of Richard Mast that he saw Chester Carson at Mast's place of employment on the day Mast's wallet and credit card disappeared. Although appellant himself was not seen at Mast's office or charged with the theft of the card, the Commonwealth's theory of the case was that Carson stole the card and that appellant acted as a principal in the second degree to Carson's attempt to use Mast's American Express card. Evidence that Carson was seen near the location from which the wallet and card were taken on the day of their disappearance and could, therefore, have been the thief was probative of Carson's guilt as the actual perpetrator of the attempted credit card fraud. Therefore, the trial court did not abuse its discretion in admitting this testimony.

The trial court also did not abuse its discretion in admitting Russell Rivers' testimony. Rivers' testimony, viewed in the light most favorable to the Commonwealth, provided evidence probative of appellant's knowledge regarding the purpose of Carson's visit to Sears and Carson's failed attempt to use a credit card to make his purchase. Rivers testified

that appellant told him Carson was there to purchase gifts for his mother and that appellant was present when Carson was unable to use the card because he could not produce picture identification. Although appellant's knowledge alone is not proof of his participation in either offense, it was probative of his intent. See Charles E. Friend, The Law of Evidence in Virginia § 12-6 (4th ed. 1993). Appellant's statements in Rivers' presence could also be construed as an effort to allay any suspicions Rivers might have had by detailing an innocent purpose for their shopping trip and to pressure Rivers to hasten the sale so as to avoid discovery that Carson was not Mast.

For these reasons, the trial court did not abuse its discretion in denying appellant's motion to exclude the challenged testimony.

## SUFFICIENCY OF EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See

- 4 -

<u>Long v. Commonwealth</u>, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Any element of a crime may be proved by circumstantial evidence, <u>see</u>, <u>e.g.</u>, <u>Servis v. Commonwealth</u>, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), "provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," <u>Coleman v. Commonwealth</u>, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." <u>Hamilton v. Commonwealth</u>, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

### 1. Attempted Credit Card Fraud

To support appellant's conviction for attempted credit card fraud, the evidence must prove that Carson took Mast's credit card without his consent, attempted to use it to obtain goods and did so with the intent to defraud Mast, Sears or Foot Locker. <u>See</u> Code § 18.2-195. It also must prove that appellant was present, aiding and abetting Carson, and that appellant either shared Carson's criminal intent or intended his words, gestures, signals or actions to encourage, advise, urge or in some way help Carson in his attempt to fraudulently use Mast's credit card. <u>See</u> <u>Allard v. Commonwealth</u>, 24 Va. App. 57, 62, 480 S.E.2d 139, 141 (1997).

Carson's own admissions, combined with the testimony of Rivers and Oliver, established that Carson was a principal in the first degree to attempted credit card fraud. Furthermore, the evidence, viewed in the light most favorable to the Commonwealth, shows that appellant's presence with Carson and appellant's statements to Rivers and Oliver may have helped Carson in his attempts, albeit unsuccessful, to commit credit card fraud. The key question, however, remains whether the evidence proves, to the exclusion of all reasonable hypotheses of innocence flowing from it, that appellant intended his presence, words or actions to encourage or help Carson commit attempted credit card fraud.

Although Carson claimed that appellant was not aware of his unlawful attempts to use Mast's credit card, the court was free to reject Carson's testimony as incredible. This rejection, however, did not provide affirmative evidence of appellant's guilt. Appellant admitted in a statement to police that he knew Carson was unemployed and that when "he was at Sears at Cloverleaf . . . he thinks something about Carson using a [credit] card." Therefore, by the time Carson and appellant arrived at Foot Locker, appellant had at least an awareness that the unemployed Carson had a credit card he was attempting to use to make substantial purchases. This evidence, however, does not exclude the reasonable hypothesis that appellant was unaware the

credit card did not belong to Carson and that his presence, statements, and actions at Sears and Foot Locker were entirely consistent with innocence.  The record contains no evidence that appellant represented to Rivers or Oliver that Carson was Mast.

The Commonwealth makes much of the fact that appellant knew Carson was unemployed.  However, the record contains no evidence regarding how long Carson had been unemployed, what his financial situation was, or whether it would have been unreasonable for appellant to have believed that Carson could previously have qualified for a credit card.  Of course, the mere fact that Carson was unemployed and may not have had any money with which to pay a credit card bill would not have prevented him from using a card he already had, although such an action might be considered by some to have been fiscally unwise. Therefore, the evidence, although highly suspicious, failed to exclude all reasonable hypotheses of innocence and was insufficient to support appellant's conviction for attempted credit card fraud.

Accordingly, we reverse and dismiss appellant's conviction for attempted credit card fraud.

### 2.  Conspiracy to Commit Credit Card Fraud

"A conspiracy is 'an agreement between two or more persons by some concerted action to commit an offense.'"  Bowman v. Commonwealth, 11 Va. App. 259, 265, 397 S.E.2d 886, 889 (1990)

(quoting Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982)).  "Proof of an explicit agreement . . . is not required; the agreement may be proved by circumstantial evidence."  Brown v. Commonwealth, 10 Va. App. 73, 77, 390 S.E.2d 386, 388 (1990).

Here, proof of the agreement to commit the offense is lacking for the same reasons that the evidence was insufficient to support appellant's conviction for an attempt to commit the offense.  The circumstantial evidence, although highly suspicious, leaves open the reasonable hypothesis that appellant and Carson made no agreement to commit credit card fraud and that appellant's presence and actions were naive but innocent.

Accordingly, we reverse and dismiss appellant's conviction for conspiracy to commit credit card fraud.

### 3.  Failure to Appear

A conviction for failing to appear for trial pursuant to Code § 19.2-128 requires the Commonwealth to "prove that the accused 'willfully' failed to appear at trial."  See Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 20 (1993) (en banc).  We previously have recognized as follows:

> An accused who is given notice of the original trial date is charged with notice of those dates to which his or her cause is expressly continued when such action is duly recorded in the order of the court. . . . [Further,] [t]he attorney-client relationship presumes that attorney and client, as servant and master, will

> communicate about all the important stages
> of a client's upcoming trial. . . .
> Therefore, if an attorney had actual notice
> of the client's trial date, the fact finder
> may infer from that evidence that the client
> also had actual notice of the trial date.

Id. at 722, 427 S.E.2d at 200-01.  As a result,

> evidence that sequential orders ha[ve] been
> duly entered of record providing for a date
> certain or notice of the trial date to
> counsel of record, without more,
> establish[es] a prima facie case that [the
> accused] knew the date on which his felony
> trial was scheduled . . . and that he
> willfully failed to appear.

Id. at 722-23, 427 S.E.2d at 200-01.

Here, the trial record shows that appellant and his attorney of record had notice of the September 30, 1997 trial date under the standards announced in Hunter.  The trial court's order of March 10, 1997 establishes that appellant and his attorney appeared on that date to set appellant's case for trial on May 8, 1997.  By order of May 22, 1997, the trial court noted that the trial would be continued until August 19, 1997.  By order entered July 9, 1997, the trial court moved the trial date from August 19 to August 18, 1997.  That order specifically recited that "defense counsel further represents that the defendant agrees to the requested date and manner of trial," and the order was endorsed by defense counsel.  Finally, by order entered September 18, 1997, the trial court continued the trial

until September 30, 1997, "[o]n motion of the attorney for the defendant."

This evidence establishes both that appellant had notice of the original trial date and that all continuances were duly recorded by order of the trial court, thereby charging appellant with notice of the September 30, 1997 date. Furthermore, the evidence also establishes that appellant's attorney of record was aware of the September 30, 1997 date and, in fact, had asked for it. Therefore, under Hunter, the Commonwealth's evidence established a prima facie case that appellant knew of the September 30, 1997 trial date and willfully failed to appear, and appellant offered no evidence to the contrary. Accordingly, the evidence was sufficient to support appellant's conviction for failure to appear.

For the reasons set out above, we affirm appellant's conviction for failure to appear and reverse and dismiss his convictions for attempted credit card fraud and conspiracy to commit credit card fraud.

Affirmed in part
and reversed and
dismissed in part.