JOHN WAYNE BOLTON

v.

COMMONWEALTH OF VIRGINIA

No. 0306-93-4

Decided December 13, 1994

COUNSEL

R. Ramsey Maupin (William J. Schewe, Jr., on brief), for appellant.

Kathleen B. Martin, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On appeal from his conviction of conspiracy to distribute cocaine, John Wayne Bolton contends: (1) that Code § 19.2-294 barred the prosecution because he had been prosecuted previously in the U. S. District Court for the Western District of Virginia on the same charge, (2) that the trial court erred in allowing Billy Joe Wright to testify in violation of a discovery order requiring disclosure of the names of all informants, and (3) that the trial court should have instructed the jury to use great care in considering the uncorroborated testimony of alleged co-conspirators. We find no error and affirm the judgment of the trial court.

Bolton was indicted in the U. S. District Court on one count charging conspiracy from April, 1985 to May 30, 1989 to possess cocaine with intent to distribute and on three counts charging possession of cocaine with intent to distribute and distribution of cocaine. He pled guilty to the substantive charges and served eighteen months in jail. The conspiracy charge was dismissed.

Following his release, the Commonwealth indicted Bolton on three counts of conspiracy to distribute cocaine. Count one covered the period January 11, 1981 to December 31, 1983. Count two covered the period April 1, 1985 to December 31, 1990. Count three covered the period January 1, 1981 to December 31, 1990. Bolton moved to dismiss on the ground that counts one and two were encompassed within count three and that count three was barred by Code § 19.2-294. The trial court dismissed counts two and three as barred by Code § 19.2-294. It denied the motion as to count one, holding that count one did not charge the same conspiracy charged in the federal case.

On Bolton's motion, the trial court instructed the jury that if it found by a preponderance of the evidence that Bolton had been prosecuted by the United States for the same conspiracy then on trial, it should find him not guilty. The jury was given criteria to use in determining whether a single conspiracy existed. The jury found Bolton guilty.

Bolton first contends that Code § 19.2-294 bars his prosecution because he was prosecuted previously in the U. S. District Court for the same conspiracy. He asserts that there was but one ongoing and continuous conspiracy and that even though the co-conspirators changed over the years, the conspiracy never ended. *See United States v. Chase*, 372 F.2d 453 (4th Cir.), *cert. denied*, 387 U.S. 907 (1967). He argues that count three of the indictment, charging a conspiracy from January 1, 1981 to December 31, 1990, encompassed counts one and two, and that because count three was barred by Code § 19.2-294, counts one and two were also barred. He argues that the Commonwealth cannot divide one conspiracy to create multiple violations.

Bolton further argues that the place where the conspiracy took place was the same in both indictments, Warren County in the state indictment and the Western District of Virginia, which includes Warren County, in the federal indictment. He argues that

the persons involved in the state and federal indictments overlapped and that the alleged overt acts were the same. He notes that the substantive federal and state statutes were the same.

■ Thus, Bolton argues, there is proof of only one conspiracy, continuing from January, 1981 to December, 1990. We disagree.

> If the acts constituting the state offenses for which [the accused] was convicted were the "same" acts that were the subject of "a prosecution [or proceeding] under the federal statute," Code § 19.2-294 is "a bar to a prosecution [or proceeding] under the state statute."

*Billington v. Commonwealth*, 13 Va. App. 341, 344, 412 S.E.2d 461, 462 (1991) (footnote omitted).

> The "bar to a prosecution or proceeding" contemplated by Code § 19.2-294 depends upon the "identity of the act."

*Id.* at 345, 412 S.E.2d at 463. We have adopted the "totality of the circumstances" test established by the Fourth Circuit in *United States v. MacDougall*, 790 F.2d 1135 (4th Cir. 1986), to determine whether the evidence proves a single conspiracy or multiple conspiracies. *Barber v. Commonwealth*, 5 Va. App. 172, 177-78, 360 S.E.2d 888, 890-91 (1987); *see also Bowman v. Commonwealth*, 11 Va. App. 259, 265, 397 S.E.2d 886, 889-90 (1990).

■ The *MacDougall* test examines five criteria: (1) the time periods of the alleged conspiracy(ies), (2) the places where the alleged activities occurred, (3) the people involved, (4) the overt acts alleged, and (5) the substantive statutes involved. *See* 790 F.2d at 1144. "[T]hese factors are not to be rigidly applied. They provide a discipline of analysis, to be flexibly applied, to determine whether two conspiracy counts in fact charge one offense." *United States v. McHan*, 966 F.2d 134, 138 (4th Cir. 1992).

First, we consider the time periods involved. The Commonwealth charged a conspiracy between January 11, 1981 and December 31, 1983. The federal prosecution involved April, 1985 to May 30, 1989. These time periods are different.

Second, we consider the location of the conspiracy. Both the state and federal prosecutions alleged Warren County. However, the locations specified within Warren County were different.

Third, the co-conspirators alleged in the state prosecution were Billy Joe Wright, Donnie Bridges, Junior Landis, Glenn and Frank Capps, Timothy Laing, and Trace Noel. The federal indictment alleged involvement of Bolton, Roger Lee Funk, and diverse others, known and unknown. At trial, Timothy Laing was shown to have been involved with Bolton during both alleged conspiracies. This single overlap is insufficient to prove a single conspiracy.

Fourth, we examine the alleged overt acts. Wright and Noel described Bolton's cocaine dealing during 1981 through 1983. In 1983, Wright observed the exchange of money for cocaine both in Arkansas and in Virginia. In 1981 through 1983, Noel sold cocaine supplied by Bolton. In 1982, Laing purchased cocaine from Bolton at J.B.'s Club. Laing also testified that in 1989 he helped Bolton bag cocaine for individual sale and held it until Bolton needed it. Laing also described drug dealings in 1989 between Bolton and Funk at Bolton's restaurant, The Prime Rib. The events in 1985 to 1989, which were the basis of the federal indictment, were separate from those in 1981 to 1983.

Fifth, we examine the substantive statutes involved in the two prosecutions. The federal and state statutes are similar. Each addressed conspiracy to sell or distribute cocaine.

Applying the *MacDougall* test, we hold that the state prosecution encompassed a conspiracy separate from that involved in the federal prosecution.

Furthermore, the question whether the federal and state cases involved the same conduct was submitted to the jury. The jury's verdict reflects a finding of separate conspiracies. This verdict is supported by the evidence and will not be disturbed on appeal. *Williams v. Commonwealth*, 13 Va. App. 393, 394, 412 S.E.2d 202, 203 (1991).

Bolton next contends that the trial court erred in allowing Billy Joe Wright to testify. He argues that Wright was an informant because he gave information to the police and that the Commonwealth violated the discovery order requiring disclosure of the names and addresses of all informants. We disagree.

■ Wright was not an informant. An informant is "an undisclosed person who confidentially volunteers material information of violations of the law to officers charged with enforcement of

that law." *Gordon v. United States*, 438 F.2d 858, 875 (5th Cir.), *cert. denied*, 404 U.S. 828 (1971). An informant is not a person who supplies information only after being interviewed by police officers, or who gives information as a witness during the course of an investigation. *Id.* Wright's involvement with Bolton ended in September, 1983. He first spoke with the authorities in 1984, during the course of their investigation.

■ There is no constitutional right to discovery in a criminal case. The Commonwealth need not provide the names and addresses of witnesses. *Watkins v. Commonwealth*, 229 Va. 469, 479, 331 S.E.2d 422, 430-31 (1985), *cert. denied*, 475 U.S. 1099 (1986); *see also* Rule 3A:11.

Finally, Bolton contends that the court erred in refusing to instruct the jury to use great care and caution in considering the uncorroborated testimony of accomplices Laing and Noel. We disagree.

■ *Clark v. Commonwealth*, 219 Va. 237, 242, 247 S.E.2d 376, 379 (1978), provides the standard governing when a cautionary instruction must be given. The instruction need not be given where the "material facts tend to connect the accused with the crime." *Id.* The corroborative evidence need not be sufficient to establish all essential elements of the offense. *Dillard v. Commonwealth*, 216 Va. 820, 823, 224 S.E.2d 137, 140 (1976). Laing's and Noel's testimony was mutually corroborative because both men testified that Bolton sold cocaine at times between 1981 and 1983. In addition, other witnesses testified to Bolton's cocaine transactions.

The judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.