COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and McClanahan
Argued at Chesapeake, Virginia


JASON LAMONT JONES

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 0708-10-1              JUDGE ELIZABETH A. McCLANAHAN
                                                        MARCH 22, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge[1]

        Jeffrey A. Swartz (Rabinowitz, Swartz, Taliaferro, Swartz &
        Goodove, P.C., on brief), for appellant.

        Karen Misbach, Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Jason Lamont Jones entered a conditional plea of guilty to possession of cocaine with

intent to distribute. The cocaine was found when police searched his vehicle incident to an arrest

on a separate charge. Jones argues the trial court erred in denying his motion to suppress the

discovery of the cocaine because the police did not have probable cause to arrest him.

Disagreeing with Jones' arguments, we affirm the judgment of the trial court.

I. STANDARD OF REVIEW

        To prevail on appeal Jones bears the burden to "show that the trial court's denial of his

suppression motion, when the evidence is considered in the light most favorable to the

prosecution, was reversible error." Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although Judge Hanson entered the sentencing order, Judge H. Thomas Padrick, Jr., ruled on the motion to suppress, the issue before us on appeal.

463, 464 (2003).  Although we review the trial court's application of the law *de novo*, Kyer v. Commonwealth, 45 Va. App. 473, 479, 612 S.E.2d 213, 216-17 (2005) (*en banc*), we defer to the trial court's findings of fact taking care "'both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'"  Malbrough v. Commonwealth, 275 Va. 163, 169, 655 S.E.2d 1, 3 (2008) (quoting Reittinger v. Commonwealth, 260 Va. 232, 236, 532 S.E.2d 25, 27 (2000) (citation omitted)); see also Ferguson v. Commonwealth, 52 Va. App. 324, 334, 663 S.E.2d 505, 510 (2008), aff'd, 278 Va. 118, 677 S.E.2d 45 (2009).  "Thus, we must give 'deference to the factual findings of the trial court' and 'independently determine' whether those findings satisfy the requirements of the Fourth Amendment."  Kyer, 45 Va. App. at 479, 612 S.E.2d at 217 (quoting Whitfield, 265 Va. at 361, 576 S.E.2d at 464).

## II.  BACKGROUND

On November 6, Officer Michael V. Gates was on patrol attempting to locate Michael Foulks, who was the subject of six outstanding warrants.  Officer Gates and his partner observed Foulks drive a green Lexus into an Exxon parking lot.  Foulks and his passenger[2] went into the gas station, then returned and switched seats.  The driver "made a quick U-turn just into the next parking lot" where Foulks exited the front passenger side of the vehicle with a white, plastic bag.  According to Officer Gates, the bag appeared to contain clothing or something else of a soft nature.  Foulks then entered the front passenger side of a white Cadillac, and as the Cadillac was attempting to exit the parking lot, Officer Gates activated his lights to initiate a traffic stop.  When the Cadillac stopped, Foulks exited the passenger side of the vehicle and fled.[3]  Officer

---

[2] The identity of this individual was never revealed during the hearing on the motion to suppress.

[3] Foulks was not carrying the plastic bag with him when he ran from the vehicle.

Gates and his partner pursued Foulks, caught him, and brought him back to the scene.[4] When they returned, the Cadillac was gone and a bystander told Officer Gates that the driver of the Cadillac had thrown a white bag out of the driver side window. Gates located and retrieved the bag, which contained some clothing and a plastic baggie containing cocaine.[5] Gates determined the Cadillac was registered to Jason Jones, and Foulks confirmed that Jones was the driver.[6] Foulks told Detective Gary Meador that he brought the bag of clothing into the white Cadillac and Jones attempted to give him the baggie of cocaine before Foulks fled the scene.

On November 13, Meador went to the address he had for Jones and saw Jones driving the white Cadillac.[7] Detective Meador called for officers to stop the vehicle. When Jones was stopped, he was placed under arrest for the November 6th possession of cocaine. The police searched the vehicle and found cocaine in the glove box. Jones was formally charged with possession of cocaine with intent to distribute arising from the drugs found incident to his arrest on November 13th.

---

[4] As Officer Gates ran past the Cadillac in pursuit of Foulks, Gates observed the driver of the Cadillac and identified the driver as Jason Jones at the hearing on the motion to suppress.

[5] According to subsequent analysis, the plastic baggie contained 60.4 grams of cocaine.

[6] When Foulks spoke to police he identified the driver as "Jay" or "Jason." After the police determined Jones was the registered owner of the vehicle, Foulks told them the individual he referred to as "Jay" or "Jason" was Jones.

[7] Detective Meador testified that because he was working other cases, he did not take any further action regarding the case against Jones except to confirm that Jones was the registered owner of the Cadillac and obtain his address. Although Detective Meador planned to obtain an arrest warrant for Jones arising from the November 6th cocaine possession, when he went to the magistrate's office, "[t]here was an extremely long line" and Meador decided he would "come back later." He had not yet returned to the magistrate's office before he went to Jones' address on November 13th.

III.  ANALYSIS

Jones argues the trial court erred in denying his motion to suppress the discovery of the cocaine found in his glove box on November 13th and contends the police did not have probable cause to support his arrest for the November 6th cocaine possession.[8]

Probable cause for a warrantless arrest "exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed."  Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981).  Probable cause does not "'deal with hard certainties, but with probabilities.'"  Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality)).  Nor does it "'demand any showing that such a belief be correct or more likely true than false.'"  Id. (quoting Brown, 460 U.S. at 742).  Instead, probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983).  "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable officer, amount to probable cause.'"  Maryland v. Pringle, 540 U.S. 366, 371 (2003) (quoting Ornelas v. United States, 517 U.S. 690, 696 (1996)).

The police observed Foulks enter the front passenger side of Jones' vehicle carrying a bag that was later found to contain a large quantity of cocaine.  After the police initiated a traffic stop, the driver threw the bag from his vehicle as he drove away from the scene.  The police

---

[8] As Jones concedes, he does not argue the police lacked authority to search the vehicle or glove box pursuant to his arrest.  See Arizona v. Gant, 129 S. Ct. 1710, 1719 (2009) (vehicle can be searched when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle").

determined that Jones was the registered owner of the vehicle and Foulks confirmed that Jones was the driver of the vehicle. These facts were "sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor, 222 Va. at 820, 284 S.E.2d at 836. In fact, it was "an entirely reasonable inference from these facts that [either one] of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus a reasonable officer could conclude that there was probable cause to believe [Jones] committed the crime of possession of cocaine, either solely or jointly." Pringle, 540 U.S. at 372. [9]

Jones concedes these facts would be sufficient to establish probable cause for his arrest, but contends that police relied on Foulks as an informant without establishing his credibility.[10] Foulks was an eyewitness "who supplie[d] information only after being interviewed by police officers" and "who [gave] information as a witness during the course of an investigation." Bolton v. Commonwealth, 19 Va. App. 376, 381, 451 S.E.2d 687, 690 (1994). He was not "'an undisclosed person who confidentially volunteer[ed] material information'" to police. Id. at 380, 451 S.E.2d at 690 (quoting Gordon v. United States, 438 F.2d 858, 875 (5th Cir.), cert. denied,

---

[9] Contrary to Jones' contention, the fact that the police did not obtain a warrant prior to placing him under arrest does not affect the probable cause analysis. An officer "may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence." Code § 19.2-81(B). See also Atwater v. Lago Vista, 532 U.S. 318, 354 (2001) (recognizing the Fourth Amendment permits a warrantless arrest of a suspect who has committed a criminal offense in the officer's presence). Furthermore, Jones does not argue that this case presents an issue as to dissipation of probable cause. See, e.g., Maye v. Commonwealth, 44 Va. App. 463, 605 S.E.2d 353 (2004).

[10] "When the factual basis for probable cause or reasonable suspicion is provided by an anonymous informant, the informant's veracity or reliability, and the basis of his or her knowledge are 'highly relevant' factors in the overall totality of the circumstances analysis." Harris v. Commonwealth, 276 Va. 689, 695, 668 S.E.2d 141, 145 (2008); see also Illinois v. Gates, 462 U.S. 213, 230 (1983). "The reliability and basis of knowledge of an informant are not independent elements that must be proved in order to find probable cause" as "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Robinson v. Commonwealth, 53 Va. App. 732, 738, 675 S.E.2d 206, 209 (2009) (internal quotation marks and citations omitted).

404 U.S. 828 (1971)).[11]  As such, Foulks was not an informant and his reliability and basis of knowledge were not factors in determining whether the police had probable cause to arrest Jones.[12]

For these reasons, we conclude the trial court did not err in denying the motion to suppress and we affirm its judgment.

Affirmed.

---

[11] Additionally, unlike an anonymous tipster, Foulks was known to police and personally spoke with them.  By telling police that Jones was the driver and possessed the cocaine, Foulks was subjecting himself to possible arrest if the information proved false.  See Code § 18.2-461. Therefore, Foulks placed his credibility at risk and could not "lie with impunity."  Florida v. J.L., 529 U.S. 266, 275 (2000) (Kennedy, J., concurring); see also Jackson v. Commonwealth, 267 Va. 666, 677, 594 S.E.2d 595, 601 (2004).

[12] We further disagree with Jones that the basis for probable cause rested entirely upon the information from Foulks.  Officer Gates and his partner observed Foulks carry the plastic bag, later found to contain the drugs, as he entered Jones' vehicle.  An eyewitness at the scene told the police that Jones threw the plastic bag from his vehicle.  From their investigation, the police determined that Jones owned the vehicle and Officer Gates testified he observed Jones in the driver's seat when he ran past the vehicle in pursuit of Foulks.  Although Foulks confirmed that Jones was driving the vehicle, the information giving the police probable cause originated from their own observations and investigation as well as from other witnesses, including Foulks.